MARY A. MOSHER *vs.* INHABITANTS OF SMITHFIELD.

Somerset.    Opinion March 15, 1892.

*Town.    Way.    Negligence.    Burden of proof.*

In an action against a town to recover for injuries received in consequence of a defect in the highway, it is incumbent on the plaintiff to prove that he was in the exercise of due care at the time the injury was received.

It is an affirmative fact to be established, as an essential part the plaintiff's case, and before the defendants are required to set up a defense, that at the time of the accident the party himself, or, as in this case, the driver, was in the exercise of ordinary care; and if on the whole testimony on this point the weight of evidence is clearly against the plaintiff, a new trial will be granted.

The fault of the town must be the sole cause of the injury.

Where different inferences are deducible from the same facts, equally consistent with those facts, it cannot be said that a plaintiff has maintained the proposition upon which alone he would be entitled to recover.

In such case the inference of negligence is as consistent as the inference of due care.

ON MOTION.

Action on the case to recover damages alleged to have been been sustained by a defective highway in the town of Smithfield. The jury returned a verdict for the plaintiff of two thousand dollars.

The case is stated in the opinion.

*Baker, Baker and Cornish*, for plaintiff.

*Walton and Walton*, for defendants.

FOSTER, J. This is an action to recover damages for personal injuries claimed to have been occasioned by a defective highway in the defendant town. A verdict was rendered for the full amount which the law allows, and the defendants ask to have the verdict set aside because there is no evidence of due care on the part of the plaintiff, or her father who was driving the team, at the time the injury was received.

The alleged defect consisted of a hole in the plank on the Smithfield bridge across Great Meadow stream, which is the dividing line between the towns of Smithfield and Rome. The bridge is about thirteen feet in length. The hole was variously estimated by plaintiff's witnesses from one foot to two and a half feet in length, and from two to four inches in width in the widest part, and was situated on the northerly side of the horse-path,— some of the witnesses locating it even northerly of the north wheel track. The road at that point runs easterly and westerly and descends as the bridge is approached from the east or Smithfield side.

The plaintiff was riding in a single wagon with her father who was driving, and the horse was trotting as they descended the hill from the east in approaching the bridge.

The only direct evidence as to the occurrence appears in the plaintiff's deposition. Her own account of what happened up to the time she was thrown out and injured is this : "We were coming to the Smithfield bridge,— there is a descending,— coming down the hill. The horse was trotting down the hill,— the horse, she touched on the bridge,— she was on the bridge

somewhere, either the sixth or seventh plank, I can't exactly tell which.    I saw the horse when she pitched forward and I didn't see anything more at all."    She then goes on to relate what occurred after the accident.    She says, the horse fell down upon the bridge, and in answer to a question by her counsel, whether she saw what it was that caused the horse to go down, she replies that she did not.    She states that as the horse stepped on to the bridge, that is the last she knew about it.

The plaintiff founds her right of recovery upon allegations which it is essential for her to maintain by evidence having legal weight.    Among other allegations which she must support by proof, in order to entitle her to recover, is that of ordinary care.    It is an affirmative fact to be established by her as an essential part of her case, and before the defendants are required to set up a defense, that at the time of the accident the party herself, or, as in this case, the driver, was in the exercise of ordinary care ; and if on the whole testimony on this point, the weight of evidence is clearly against the plaintiff, a new trial will be granted.    This principle is supported by numerous decisions, a few only of which need be cited.    *Merrill* v. *Hampden*, 26 Maine, 234 ; *Gleason* v. *Inhab. of Bremen*, 50 Maine, 222 ; *Dickey* v. *Maine Tel. Co.* 43 Maine, 492, 496 ; *Benson* v. *Titcomb*, 72 Maine, 31 ; *Wormell* v. *Maine Central R. R. Co.* 79 Maine, 397, 406, 407 ; *Murphy* v. *Deane*, 101 Mass. 455 ; *Trow* v. *Vermont Central R. Co.* 24 Vt. 487 ; *Birge* v. *Gardiner*, 19 Conn. 507.

The defendants are not bound to show that plaintiff's carelessness or want of ordinary care was the cause of the injury.    It must affirmatively appear that ordinary care was exercised in passing over the highway, or that the injury was in no degree attributable to any want of care on her part or that of the driver.    The fault of the town must be the sole cause of the injury.

In this case, there is no direct evidence either of care at the time of the accident, or the contrary.    Nor are the circumstances of the accident sufficiently disclosed to warrant any inference either of care or negligence.    Without evidence, or such a disclosure of the facts and circumstances attending the trans-

action, from which due care could properly be inferred as a fact, the burden resting on the plaintiff to establish this fact, the plaintiff would not be entitled to a verdict. All the circumstances which appear are equally consistent with negligence or care in the manner of driving at the time of the accident. No such legitimate conclusions can be drawn from the evidence disclosed as to warrant the inference that due care was in fact exercised. *Crafts* v. *Boston*, 109 Mass. 519, 521.

And where different inferences are deducible from the same facts which appear, and are equally consistent with those facts, it cannot be said that the plaintiff has maintained the proposition upon which alone she would be entitled to recover. This doctrine is clearly enunciated in the case last cited, which was for personal injuries occasioned by a defect in a highway. The same principle is laid down in *Smith* v. *Bank*, 99 Mass. 605, 612.

In the present case the plaintiff's father was driving the horse. It was incumbent on the plaintiff to establish the fact that he was driving with due care. This rule applies because the action is against a town, a statutory action, unlike the case of *State* v. *B. & M. R. R. Co.* 80 Maine, 430, 447. He was sitting at the right of the plaintiff,— on the side nearest to the alleged defect. He was not called, was not in attendance at court, and no claim is made that he was unable to attend, and no reason assigned why his testimony was not procured. He is the very person who could throw light upon what occurred immediately prior to and at the very time the injury was received by this plaintiff. It lay with him, in a great measure, to disclose facts as to the manner of his driving, from which the jury might have drawn a conclusion either of due care or negligence on his part. But his lips remained silent, notwithstanding the burden of proving due care as an affirmative proposition rested on the plaintiff. How did this accident happen? No reason is assigned other than from inference. Nobody testifies that the horse went into the hole. The driver is not produced to testify to his manner of driving. For aught that appears, he may not have controlled the horse at all, or tried to do so. We do not

know what he did or whether he did anything,— or whether he saw the hole or not.

There is evidence in the case that there was the appearance of a horse having fallen in the road just before entering upon the bridge.  Two witnesses testify to this, and to finding a small strap in the road at that point, a short time after the accident.  The plaintiff says the horse fell upon the bridge. But whether the horse ever came in contact with the alleged defect, thereby causing the injuries to this plaintiff, is left to conjecture.  The horse may have stumbled from some cause entirely independent of the alleged defect.  The case was left, therefore, to be decided by mere inference, without facts to determine which of the inferences, was correct.  *Smith* v. *Bank*, *supra*.

For the reasons stated, the court is of the opinion that the verdict must be set aside.

*Motion sustained.  New trial granted.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.