BURTON L. ALDEN

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion December 31, 1914.

*Engine.   Evidence.   Inference.   Location of Railroad.   Origin of Fire.   Sparks.*

1.   The burden was upon the plaintiff to show by competent evidence that the defendant's locomotive caused the fire.   In this, the plaintiff has failed.
2.   When it is sought to establish a case by an inference drawn from facts, such inference must be drawn from facts proved.   It cannot be based upon a probability.
3.   There was no positive testimony as to the origin of the fire.   The case is silent as to the starting point and no evidence appears as to the location of the railroad, or the location of the burnt area with reference to the right of way, or that sparks were emitted from the smoke-stack which might have been carried beyond the right of way.

On motion by defendant.   Motion sustained.   Verdict set aside. New trial granted.

This is an action brought by plaintiff under Chap. 52, Sec. 73 of Revised Statutes, to recover for damages to twenty acres of timber and woodland situate in Leeds, in the County of Androscoggin,

alleged to have been ·caused by sparks from a locomotive engine of the defendant. Plea, the general issue. The jury returned a verdict for the plaintiff of $400. Defendant filed general motion for a new trial.

The case is stated in the opinion.

*George C. Webber,* for plaintiff.

*Symonds, Snow, Cook & Hutchinson, and White & Carter,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. This is an action on the case to recover for damages to twenty acres of timber and wood burned by a fire alleged to have been caused by sparks from a locomotive engine of the defendant. The fire occurred at 10 o'clock A. M., August 19, 1913. The jury returned a verdict for the plaintiff in the sum of $400, and the case is before the Court on defendant's motion for a new trial.

The testimony as to the origin of the fire follows:

John Alden, a brother of the owner, testified as follows:

"Q. I will ask you if on the 19th of August, 1913, there was a fire upon these premises?

A. Yes, sir.

Q. And were you there at that date?

A. I was.

Q. And were you there at your home on this date when the fire started in the land adjoining?

A. I wasn't at home when it started, but I was very near there.

Q. Did you yourself of your own knowledge know anything about the starting of the fire?

A. No."

Maggie Kemp, the principal witness, testified:

"Q. And won't you tell the jury when you first saw the fire and what about it?

A. When I was going to hang out my clothes I turned right around and saw it, and the morning passenger train went down and pretty soon here come the smoke out of the ground, and I went up

there and went into Mrs. Brewster's pasture, the corner of the fence there, and I says to one of my boys 'You better go down and tell Mr.—

(Objected to).

Q. You need not state that. You saw the passenger train go down and then you saw the fire?

A. Yes sir."

The cross-examination developed that this witness saw sparks fall from under the engine on the right of way at 9 o'clock on that morning. One hour later she saw a fire "in Brewster's pasture." This witness lived on the opposite side of the railroad from Brewster's pasture. The distance, and general location of her house and clothesline do not appear.

Guy Burgess, testified:

"Q. And you were there when this fire started that has been testified to by Mr. Alden and Mrs. Kemp?

A. Soon after it was started, yes.

Q. Where were you when you first got information about the fire?

A. I was to the depot.

Q. And who brought that information to you?

A. My brother.

Q. This little boy that is here?

A. Yes, sir.

Q. And about what time was it? That is, when he brought that information to you?

A. It was about quarter to ten.

Q. And what time is it when the train goes by there?

A. It goes by about half-past nine.

Q. Was Mr. Bartlett the station agent there?

A. He was at the station; yes, sir.

Q. And did you and Mr. Bartlett go down to the fire?

A. Yes, sir.

Q. How far had it burned when you got there?

A. I should say it had burned over about half an acre.

Q. And did you undertake to stop it there?

A. We didn't have nothing to stop it with; we didn't take nothing with us.

Q.   Were you around there for the next two or three days?

A.   Yes, sir."

A careful examination of the record convinces us that the verdict was not justified by the evidence.  So far as the case shows, the cause of the fire is still an open question.

There was no positive testimony as to the origin of the fire.  The case is silent as to the starting point, and no evidence appears as to the location of the railroad, or the location of the burnt area, with reference to the right of way.  It does not appear that the right of way burned at or near the fire, or that sparks were emitted from the smoke-stack which might have been carried beyond the right of way, or that at the time there was sufficient wind blowing in the direction to carry sparks capable of causing such fire.  The kind of day, the condition of the grass, the direction of the wind, are matters not found in the record.

The burden was upon the plaintiff to show by competent evidence that the defendant's locomotive caused the fire.  In this he has failed.  When it is sought to establish a case by an inference drawn from facts, such inference must be drawn from facts proved. It cannot be based upon a probability.  *Seavey* v. *Laughlin,* 98 Maine, 517; *Smith* v. *Lawrence,* 98 Maine, 92.

*Motion sustained.*
*Verdict set aside.*
*New trial granted.*