## ADELARD· LEVESQUE *vs.* JUSTINE DUMONT, et al.

### Androscoggin.    Opinion May 28, 1918.

*Rule of practice in actions brought under R. S., 1916, Chap. 92, Secs. 9-10.*

While in actions to recover damages for negligently causing the death of a person, or for injury to a person who is deceased at the time of the trial of such action, the person for whose death or injury the action is brought shall be presumed to have been in the exercise of due care at the time of all acts in any way related to his death or injury (R. S., Chap. 87, Sec. 48), it does not follow that the question of contributory negligence must necessarily be submitted to the jury.

Where in such a case there is no substantial conflict in the evidence nor doubt as to the fair and reasonable inferences deducible from it, a question of law is presented for the court.

Action to recover damages for death of plaintiff's intestate on account of alleged negligence on part of defendants. Action brought under R. S., 1916, Chap. 92, Secs. 9-10. At close of evidence, presiding Justice directed verdict for defendant with certain stipulations which provided that in case the Law Court should decide that there was evidence enough to sustain a verdict for the plaintiff, it was agreed that the Law Court should enter judgment for the plaintiff and fix such damages as the Law Court should decide the plaintiff would be entitled to recover upon all the evidence. Judgment in accordance with opinion.

Case stated in opinion.

*Benjamin L. Berman, and Jacob H. Berman,* for plaintiff.

*McGillicuddy & Morey,* for defendant.

SITTING:    CORNISH, C. J., SPEAR, BIRD, HANSON, JJ.

BIRD, J.    An action on the case to recover damages for death of the plaintiff's intestate on account of alleged negligence of defendant. R. S., 1903, Chap. 89, Secs. 9 and 10.    (R. S., 1916, Chap. 92, Secs. 9 and 10).

This case has been twice tried.   The first trial resulted in a verdict for the plaintiff.   The motion of defendants for a new trial was sustained by this court upon the ground that the contributory negligence of plaintiff's intestate was a bar to recovery.   *Levesque* v. *Dumont*, 116 Maine, (Madigan, J.) 25.   The second trial was had at the April term, 1917.   At the close of the evidence, the defendant's motion to direct a verdict for the defendant was granted by the presiding Justice upon the ground that there was no material change in the evidence bearing upon the contributory negligence of the intestate.   To this ruling the plaintiff had exceptions.

An examination and comparison of the evidence adduced at the two trials, viewed in the light of the argument and brief of counsel of plaintiff, lead us to the conclusion that there was no error in the ruling and direction of the presiding Justice.   Upon the defense of contributory negligence of plaintiff's intestate, the evidence is substantially the same as before.   While it is true that in cases of the character of that under consideration, the plaintiff or his intestate, as the case may be, is presumed, as emphasized by plaintiff's counsel, to have been in the exercise of due care  (R. S., Chap. 87, Sec. 48), it does not follow that such cases must necessarily be submitted to the jury.   The question is to be decided upon all the evidence.   *Indianapolis, etc., R. R. Co.* v. *Horst*, 93 U. S., 291, 298; *Northern Pac. Ry. Co.* v. *Mores*, 123 U. S., 710, 721; *City of Mares* v. *Botzet*, 169 Fed., 321, 329, 330; We conclude there was no substantial conflict in the proof nor doubt as to the fair and reasonable inferences deducible from it.   Such being the case, a question of law was presented for the court alone.   *Chicago, etc., Co.* v. *Burnett*, 181 Fed., 799, 801.   *Hart* v. *Northern Pac. Ry. Co.*, 196 Fed., 180, 185.

*Exceptions overruled.*