ERNEST H. DYER

*vs.*

CUMBERLAND COUNTY POWER & LIGHT COMPANY.

Cumberland.   Opinion June 5, 1920.

*Directed verdict for defendant.   Negligence of defendant.   Contributory negligence of plaintiff.   Subsequent negligence of defendant.   Doctrine of the last clear chance.*

This case comes up on exceptions to the order of a verdict by the presiding Justice after the evidence was all presented and involves a mixed question of law and fact.   The question now before the court is:   If the case had been submitted to the jury upon the evidence, under proper instructions, would a verdict for the plaintiff be permitted to stand?   As the case is now presented, two important issues arise upon the plaintiff's theory of the accident—

1.   The contributory negligence of the plaintiff, assuming the negligence of the defendant.

2.   The subsequent negligence of the defendant, assuming the negligence of the plaintiff in the first instance.

Upon the first issue the evidence proves the plaintiff guilty of contributory negligence upon his own testimony.   The second question raises the doctrine of the last clear chance.   Upon this question a majority of the court are of the opinion that the case should be submitted to the jury.

On exceptions.   An action on the case for personal injuries sustained by the plaintiff as a result of a collision between an automobile truck owned and operated by the plaintiff, with an electric car of defendant.   Plea, the general issue.   At the conclusion of the evidence, on motion by defendant, the presiding Justice directed a verdict for defendant, to which ruling plaintiff excepted, defendant having waived strict compliance with R. S., Chap. 82, Sec. 55, in respect to the time of filing written exceptions.   Exceptions sustained.

Case stated in the opinion.

*Hinckley & Hinckley*, for plaintiff.

*Bradley & Linnell, and William Lyons*, for defendant.

SITTING:   CORNISH, C. J., SPEAR, HANSON, PHILBROOK, DUNN, MORRILL, WILSON, JJ.

SPEAR, J. This case comes up on exceptions to the order of a verdict for defendant by the presiding Justice. It presents a mixed question of law and fact. It appears that the case had been previously tried with a verdict for the plaintiff, which was set aside upon motion, as against the evidence. The report of the evidence in the previous trial was not introduced in the present trial, but the presiding Justice in giving his reasons for ordering the verdict for the defendant commented upon the evidence of the former trial. But an examination of the whole case shows that the comments and reasons given by the presiding Justice for ordering the verdict became entirely immaterial in considering the exceptions.

A motion by the defendant for the order of a verdict, after the evidence is all in, is equivalent to a demurrer to the evidence, on the ground that the evidence is not sufficient, in law, to sustain a verdict for the plaintiff. Exceptions to such an order have the effect of bringing up all the evidence and raising the question of law, whether upon that evidence the case should have been submitted to the jury. It is accordingly evident that the comments or reasons of the presiding Justice for ordering the verdict became wholly immaterial. They present nothing whatever for the Law Court to consider. The comments of the presiding Justice do not bring the former case before us, nor do we have any recourse to it, except so far as the law and facts appear in the per curiam decision of that case.

Therefore the question now before the court is: If the case had been submitted to the jury, upon the evidence, under proper instructions, would a verdict for the plaintiff be permitted to stand.

It is conceded that the plaintiff's auto truck and the defendant car were proceeding in the same direction. Otherwise than this, there is a complete conflict of theory and fact, as to how the accident occurred. The plaintiff claims that he overtook and passed the car, and while proceeding a short distance ahead was obliged to stop his truck to avoid possible contact with some small boys who were conveying something across the street in front of him; that while thus stopped the electric car, without signal or warning, collided with the truck, tipped it partially over, and inflicted the injuries of which he complains.

The defendant claims that the plaintiff came up behind the car, on the car tracks, and that, in heading his truck to the left to go around the end of the car, his truck skidded on the tracks, whereby

he lost momentary control of it, in which the truck darted diagonally to the left, as it was pointed across the street  triking the curb and then, as suddenly shot diagonally back across the street, into the left forward end of the car.   As the distance between the electric car and the curbing was but 13 feet, the diagonal motion of the truck in going to the curb and back would be the act of but a second.

If the case rested solely upon the right of the jury, upon the testimony, to find whether the electric car overtook and collided with the truck, as the plaintiff claims, or that the truck overtook and ran into the car as the defendant claims, we think the finding of the jury upon that issue whether for the plaintiff or defendant would be permitted to stand.   The case upon that issue is so close that a verdict either way would not be so manifestly unfounded as to require the intervention of the court.

But we do not think the case can be decided upon that issue alone. Two other important issues arise, upon the plaintiff's theory of the accident.   1.   The contributory negligence of the plaintiff assuming the negligence of the defendant.   2.   The subsequent negligence of the defendant, assuming the negligence of the plaintiff in the first instance.   Upon the first issue we think the evidence proves the plaintiff guilty of contributory negligence upon his own testimony. He was perfectly familiar with the locality; the location and direction of the car tracks; the width of the street, between the car and the curb; and every other detail involved in the operation of autos and cars at that particular locality.   If he drove past the car, as he says he did, he knew that the car was coming right along behind him on its own track, to which it was confined.   He knew that the street where he says he stopped was wide enough, between the car track and the curb, for two autos to pass by the exercise of care.   He had an unobstructed space of 13 feet between the curb and the track in which to stop his truck.   There was nothing whatever in the way to prevent him from making a free and even deliberate choice as to where he would stop.   The boys, if any, were ahead of him.   He deliberately, if his theory is true, stopped so near the railroad track that the car collided with his right forward wheel.   Under the admitted facts and circumstances in this case such conduct cannot receive the sanction of meeting the measure of due care.   We think his act in stopping so near the car track, under all the circumstances of this particular case, with a car right upon him was clearly a negligent act.

Therefore, assuming that a verdict might stand upon the issue of which vehicle was ahead, yet upon such finding, the plaintiff upon his own evidence was guilty of contributory negligence.

This brings us to the second question, the doctrine of the last clear chance. The elements of this rule have been so often and so clearly stated that repetition is unnecessary. Upon the plaintiff's testimony that he had passed the car and stopped, so near the track that a collision upon the approach of the car was inevitable. The motorman says he did not see the truck until it was right upon the front end of the car. We think this phase of the case comes within the doctrine of *Fickett* v. *Lewiston, Augusta and Waterville Ry.*, 110 Maine, 267. The rule in that case is thus expressed: "If the motorman did see or could have seen that the wheels were so dangerously near the track and run into the wagon then the company would be liable."

At the former trial the question of subsequent negligence was not raised. The case was decided upon the evidence as it then stood, upon the ground that the truck came upon the car and collided with it.

But under the present testimony the last chance doctrine is raised, and we think it should be submitted to the jury.

*Exceptions sustained.*

CORNISH, C. J., DUNN and MORRILL, JJ., do not concur.