GEORGE KIDNEY, Adm'r vs. AROOSTOOK VALLEY RAILROAD.

Aroostook County.   Decided October 15, 1920.   This is an action on the case by the administrator of the estate of Hanford Kidney. Plaintiff's intestate was instantly killed in a collision between an automobile in which he was riding, and defendant's train, at Parsons Crossing, so-called, in the town of Presque Isle, on the 30th of September, 1918.

———

At the conclusion of the evidence the defendant's counsel moved for a directed verdict, which was ordered by the presiding Justice, and the case is before the court on plaintiff's exceptions to such order. We think the exceptions must be overruled.

Counsel for the plaintiff in opposing the motion, and now in argument upon the exceptions, urges the application of Chap. 27, Public Laws, 1913, which provides: "In actions to recover damages for negligently causing the death of a person, or for injury to a person who is deceased at the time of the trial of such action, the person for whose death or injury the action is brought shall be presumed to have been in the exercise of due care at the time of all acts in any way related to his death or injury, and if contributory negligence be relied upon as a defense, it shall be pleaded and proved by the defendant."

Contributory negligence of the decedent was pleaded as a defense, and was therefore in issue under the pleadings.   The record shows that the case is not brought within the terms of the foregoing statute, but on the contrary, the testimony of Mr. Allen Bull, the only witness to the accident, shows conclusively that the plaintiff's intestate, was not in the exercise of due care, thus not only rebutting the presumption, but showing affirmatively that the accident was due largely, if not wholly, to the plaintiff's intestate's own want of care.   *Curran* v. *Railway Company*, 112 Maine, 96.

The ruling of the presiding Justice was correct.   Exceptions overruled.   *Shaw & Thornton*, for plaintiff.   *Powers & Guild, and W. R. Pattangall*, for defendant.   MORRILL, J., Concurred in the result.