Louise M. Mills *vs.* C. Earle Richardson

L. Neil Mills *vs.* Same.

Cumberland.     Opinion October 5, 1925.

*New counts are not to be regarded as for a new cause of action when the plaintiff in all the counts attempts to assert rights and enforce claims growing out of the same transgression, act, agreement or contract, however great may be the difference in the form of liability as contained in the new counts from that stated in the original counts.*

While this court has always been reluctant to invade the province of the jury, which is to act as arbiters of fact, in the instant case from a careful examination of the entire record, it is forced to the conclusion that the jury erred in their finding.

On exceptions and general motion by defendant.   Two actions, tried together, in which both plaintiffs sought to recover damages alleging negligence on the part of the employees of defendant, in caring for Louise M. Mills, one of the plaintiffs, at his hospital at

Skowhegan. The plaintiffs, before pleas were filed, moved to amend the declaration in each writ, which amendments were allowed and defendant excepted. A verdict for plaintiff in each case was rendered and defendant filed general motions for a new trial. Exceptions . overruled. Motions for new trial sustained.

The case appears in the opinion.

*Joseph E. F. Connolly and Harry C. Libby,* for plaintiff.

*Pattangall, Locke & Perkins,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, JJ.

PHILBROOK, J. The plaintiffs are wife and husband. The defendant is a surgeon and physician who owned, controlled and managed a hospital in May, 1918. In that month a physician residing and practicing his profession in the village where the hospital was situated brought the female plaintiff to the hospital to be a patient during her period of childbirth which was then approaching.

According to the testimony of the defendant he had nothing to do with Mrs. Mills' case except to supply the hospital and nurses, that he did not treat the case, that Mrs. Mills was in no sense his patient, and that he gave no directions concerning her treatment, but, on the contrary, that the physician who brought her to the hospital was her attending physician. This attending physician frankly testified that Mrs. Mills was his patient during her stay at the hospital.

The original declarations charged that the defendant was employed as a physician and surgeon to attend Mrs. Mills, in her approaching illness, and that her injuries were the result of his negligence, or the negligence of those who were his servants, in that the defendant, by his servants, who were nurses at the hospital, "improperly, unintelligently, and unskillfully, and carelessly and negligently washed and bathed the body of the plaintiff" (Mrs. Mills) "with an excessive and dangerous amount of bichloride of mercury."

At the trial term in the court below the plaintiffs offered amendments to their declarations which omitted to charge that the defendant's negligence as a physician and surgeon, through his servants, was the cause of the injuries complained against, but did charge that the defendant held himself out as conducting and maintaining a competent and reliable hospital, employing nurses and attendants

of great skill and ability, and qualified to properly and intelligently care for all diseases and physical infirmities. The amended declarations then proceeded to charge that the defendant was employed "to properly and intelligently care for her said condition until she should deliver forth child and become well." In appropriate language the amended declarations then declared that the defendant, by one of his servants, a nurse employed in the hospital, carelessly and negligently bathed Mrs. Mills with an excessive and dangerous amount of bichloride of mercury, from which negligent treatment she received painful and permanent injuries.

To the granting of these amendments the defendant objected and under this objection exceptions were allowed. The defendant claims that the amendments set forth a new and different cause of action.

EXCEPTIONS.

It is quite apparent that the original declarations charged the defendant with liability in his capacity as a physician and surgeon, while the amended declarations charge him with liability as proprietor and manager of a hospital, regardless of the question whether he was acting as a medical man or a layman.

Sustaining and adopting the rule declared in *Smith* v. *Palmer*, 6 Cush., 513, our court, in *Limerick National Bank* v. *Jenness*, 116 Maine, 28, held that new counts are not to be regarded as for a new cause of action when the plaintiff in all the counts attempts to assert rights and enforce claims growing out of the same transaction, act, agreement or contract, however great may be the difference in the form of liability, as contained in the new counts, from that stated in the original counts.

The statements of the liability of a defendant may vary when the wrong done and the loss occurring are the same. *McConnell* v. *Leighton*, 74 Maine, 415.

We hold that by virtue of the rules thus enunciated the amendments were allowable and the defendant takes nothing by his exceptions.

MOTION.

As both actions depend upon the same claim we will, for convenience, now deal only with the case of Mrs. Mills. She claims

that she went to the defendant's hospital as a patient in April, 1918, and on the twenty-seventh day of that month was delivered of her child. She made no complaint of improper treatment until May ninth, at which time she says that she was given a douche containing an excessive amount of bichloride of mercury which caused burning of a portion of her private parts. From this burning she says she sustained the injury from which serious and lasting results followed. But for nearly six years she had made no complaint to the defendant and then, only a few days before the action would be barred by the statute of limitations, she makes known to him that she believes she has a cause of action against him for negligence of his nurse in administering the douche. The charge of the presiding Justice, by the bill of exceptions made part of the record, discloses a most fair and complete statement of the facts which must be proved by the plaintiff, together with a careful and correct statement of the elements of law which governed the case. With testimony and charge as guides the jury rendered a verdict for the plaintiff. This court has always been reluctant to invade the province of the jury, which is to act as arbiters of fact, but in the present case, after examining the entire record with great care, we are compelled to the conclusion that the jurors erred in their finding. Taken at its best, especially in the light of the testimony given by medical experts called by both sides, the conditions of which the plaintiff complains were more likely to have arisen from leucorrhea and other physical conditions, than from the douche. In each case the entry will be

*Exceptions overruled.*
*Motions for new trial sustained.*