ARTHUR GRAVEL, Admr. *vs.* GEORGE F. ROBERGE.

Androscoggin.    Opinion September 16, 1926.

*The sudden emergency doctrine is not an exception to the general rule.*

In the instant case, the fact that the defendant with his car entered the left-hand side of Second Street does not prove negligence.   The statutory rule, commanding a turning to the right, applies only where one vehicle is "approaching to meet" another.   Act of 1921, Chap. 211, Sec. 2.   But he, who at any time drives upon the left-hand side of a street should be increasingly watchful.

The test question is whether the defendant acted as an ordinarily prudent and careful man would have done under the same circumstances.   The emergency is one of the circumstances contemplated by the rule.   If the defendant's course was one that an ordinarily prudent and careful driver put in his place, might have taken, he is relieved from liability, otherwise not.   His own judgment or impulse is not in any situation, emergent or otherwise, the Law's criterion.   The driver is exonerated if the course which he takes in an emergency is one "which might fairly be chosen by an intelligent and prudent person."

On motion for new trial by defendant.   An action to recover damages for the death of a daughter of plaintiff, nine years old, who was knocked down and killed in the streets of Auburn by an automobile driven by defendant.   A verdict of $650 was rendered by the jury for the plaintiff and defendant filed a motion for a new trial. Motion overruled.

The case sufficiently appears in the opinion.

*Frank A. Morey,* for plaintiff.

*Albert Beliveau,* for defendant.

SITTING:   WILSON, C. J., DEASY, STURGIS, BARNES, BASSETT, JJ.

DEASY, J.   On October 1st, 1925 an automobile driven by the defendant, turned suddenly from Broad Street into Second Street in Auburn.   Jeanne Gravel, the plaintiff's intestate, a girl nine years old walking on the crossing at the junction of said streets, with unquestioned care, was by the automobile knocked down and killed.

The fact that the defendant with his car entered the left-hand side of Second Street does not prove negligence. The statutory rule, commanding a turning to the right, applies only where one vehicle is "approaching to meet" another. Act of 1921, Chap. 211, Sec. 2. But he who at any time drives upon the left-hand side of a street should be increasingly watchful.

The defendant says that he did not see the little girl until he "got within five or six feet of her." Up to that time he was looking at another car. He then, attempting to drive over the crossing between the girl and a post, hit both.

As an explanation and excuse he invokes the "sudden emergency" principle. *Fernald* v. *Fernald*, 121 Maine, 10.

Mill Street joins Broad near the Second Street Junction and on the same side of Broad. He says that driving out of Mill Street into Broad he saw a car called by witnesses the Levasseur car standing in or near the latter street; that this car started suddenly without warning and that watching it "to be sure whether he was going to hit me" the defendant turned toward and into Second Street.

The sudden emergency doctrine is not an exception to the general rule.

The test question is whether the defendant acted as an ordinarily prudent and careful man would have done under the same circumstances. The emergency is one of the circumstances contemplated by the rule. If the defendant's course was one that an ordinarily prudent and careful driver put in his place, might have taken, he is relieved from liability, otherwise not. His own judgment or impulse is not in any situation, emergent or otherwise, the Law's criterion. The driver is exonerated if the course which he takes in an emergency is one "which might fairly be chosen by an intelligent and prudent person." *Skene* v. *Graham*, 114 Maine, 234.

The Massachusetts Court in *Massie* v. *Barker*, 224 Mass., 423 says:—"If some unforeseen emergency occurs which naturally would overcome the judgment of the ordinary careful driver of a motor vehicle so that momentarily or for a time he is not capable of intelligent action, and as a result injury is inflicted upon a third person, the driver is not negligent." And the Vermont Court in *Lee* v. *Donnelly*, 113 Atl., 542 states the principle thus: "If he (the driver of an automobile confronted with a sudden emergency) acted, in the light of all the surrounding circumstances, as a careful and prudent man would

reasonably act, under like circumstances, he did all the law required of him.   Whether he did this was a question for the jury."

Among the cases holding the same are,—*Lapp* v. *Railway Co.,* (Ky.), 199 S. W., 798; *R. R. Co.* v. *Hunt,* (Ala.), 86 So., 100; *Barkshadt* v. *Gresham,* (S. C.), 112 S. E., 923; *Carnahan* v. *Transit Co.,* (Cal.), 224 Pac., 146.

The evidence in the pending case shows no insuperable difficulty that the defendant would have encountered in continuing his course on Broad Street.   The jury may have thought that an ordinarily careful driver would have avoided a sudden taking of a city street crossing which foot passengers are almost constantly using; or as between the chance of bending a mud guard, and the possibility of homicide, that such a driver would have chosen the former.

The defendant contends that the emergency excuses him.   All cars are equipped with emergency brakes.   It does not definitely appear that the defendant made use of his.   When asked if he applied his brakes he replied—"Yes I did some."   The jury may have determined that an ordinarily careful driver notwithstanding the emergency and perhaps because of it, would have used his brakes more than "some."

The defendant is the only living witness of the accident.   He told the tragic story frankly.   He probably regrets the death of the little girl more keenly than he can say.   But the fact appears to be that she lost her life because he "lost his head."   An emergency may arise so sudden and overwhelming, as to produce in any man the same mental disaster.   The jury may have thought that the starting of a car without signal which, though unwarranted, is a common occurrence, did not create such an emergency.

The verdict was not based on manifest error.

*Motion overruled.*