234

FLORENCE B. SMITH, ADMINISTRATRIX

*vs.*

JOE'S SANITARY MARKET, INC.

Cumberland.      Opinion, December 23, 1933.

*Harry C. Libby,* for plaintiff.
*Verrill, Hale, Booth & Ives,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J.   This action was brought by the plaintiff, as administratrix of the estate of her late husband, (who died intestate), to recover damages for personal injuries sustained by him, on February 18, 1933, as a result of having been struck by defendant's auto-

mobile truck. The vehicle was being operated for its owner, at the estimated speed of thirty-five miles an hour, on Main Street, in Westbrook, at midday. Plaintiff's intestate had just been arrested, at the instance of the wife, in non-support proceedings, for commitment to the county jail, and, by permission of the officer having him in charge, was crossing the highway on foot, to obtain some desired article from his own car. Going in diagonal direction, he had reached the middle of the trolley tracks in the center of the forty-one foot business street. It is not contradicted that he stopped, looked toward the truck, on-coming, "a car length or a car length and a half away"; "jumped, as if to cross the street," directly into the path of the truck, and was immediately hit. He died thirteen hours later. The truck driver testifies that, on first seeing the pedestrian stepping to the pavement from the sidewalk, he released the accelerator, to slacken the truck's speed; he also testifies that he inferred that the man, whose conduct he observed continuously, would stay between the car rails, until the truck should have passed, on its course, three feet from the nearest rail, on its own proper side of the street.

At the close of the evidence, defendant moved for a directed verdict. The motion was granted. Plaintiff excepted. Her counsel strongly urges that the evidence disclosed a case for the jury, and that the trial judge was not justified in ordering a verdict for defendant.

The court below evidently felt either that there was no ground for holding defendant responsible for actionable negligence, or, assuming the contention that plaintiff made a prima facie case, that plaintiff's decedent, whose due care the statute, (R. S., Chap. 96, Sec. 50), because of death, presumed, had been proven to have been guilty of contributory negligence.

Upon a review of the evidence, the court arrives at the conclusion that the verdict was directed rightly.

The speed of the truck might have warranted inference of negligence. Assuming this, the proof is plenary that plaintiff's intestate failed to use due vigilance and caution for his own safety. Contributory negligence established, plaintiff was not entitled to a verdict. *Levesque* v. *Dumont*, 117 Me., 262, 103 A., 737.

If, in the case at bar, there was, — as argument pressed upon

attention, — a sudden emergency, reply must be that the now dead man himself created it. *Bonefant* v. *Chapdelaine*, 131 Me., 45, 50, 158 A., 857, 859. Even in an emergency, one must act as an ordinarily prudent man might under the same or similar circumstances. *Gravel* v. *Roberge*, 125 Me., 399, 134 A., 375. It is not perceivable, in the transcript of the evidence, how the accident could have happened if he who was injured had exercised ordinary care.

The jury could not properly have rendered a verdict for the plaintiff. The exception must be overruled. *Levesque* v. *Dumont*, supra ; *Kidney* v. *Aroostook Valley Railroad*, 119 Me., 597, 111 A., 334.

*Exception overruled.*