ANNIE M. WARD, ADMX.

*vs.*

CUMBERLAND COUNTY POWER & LIGHT CO.

Cumberland.     Opinion, October 5, 1936.

*Bernstein & Bernstein*, for plaintiff.
*Verrill, Hale, Booth & Ives*, for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   In this action of negligence, the trial Judge at *nisi prius* ordered the jury to return a verdict for the defendant, and exceptions were reserved.

As is well settled in this jurisdiction, a motion by the defendant for a directed verdict is equivalent to a demurrer to the evidence.

Exceptions raise the question, not whether there is sufficient evidence to take the case to the jury, but whether upon all the evidence as it appears in the record a verdict for the plaintiff could be permitted to stand. *Dyer* v. *Power & Light Company*, 119 Me., 224, 110 A., 357. See also *Mills* v. *Richardson*, 126 Me., 244, 246, 137 A., 689.

The facts established by the weight of the evidence are that early in the afternoon of Saturday, March 23, 1935, Fred Ward, the plaintiff's intestate, parked his car nearly opposite the Park Fruit Store and on the southerly side of Congress Street in Portland. He was joined by his brother, who came from a near-by drugstore, and immediately turned his car out from the curb towards the center of the street with the intention of proceeding easterly towards Munjoy Hill. As he was swinging out sufficiently to pass a car parked directly in front of him, the intestate's automobile was struck by a trolley car travelling easterly on Congress Street, shoved against the automobile behind which he had been parked, and carried along more than sixty feet into the Franklin and Congress Street intersection. The plaintiff's intestate was thrown against the wheel of his automobile, injured in and about his chest, and about two weeks later died.

It was a stormy day, rain and snow were falling, and the street and especially the car rails were slippery. The trolley car was one of the larger type in operation in the city, heavy and more than forty feet in length. It was a one-man car and operated by an experienced motorman then in the employ of the defendant corporation. There is abundant credible evidence that it was travelling at a speed of not more than eighteen miles an hour when the collision occurred. Contention that it had attained a greater speed is based only on conjecture. The motorman is corroborated in his assertion that the plaintiff's intestate, without signal or warning, swung his automobile out in front of the trolley car and so near to it as it approached that, although he threw on his brakes, put on the sand and threw the motor into reverse, the car could not be stopped in time to avoid the accident.

The plaintiff's intestate died before the trial of this action. He is presumed to have been in the exercise of due care when he was injured. The defendant, having pleaded contributory negligence,

has the burden of establishing it. R. S., Chap. 96, Sec. 50. The statute does not, however, change the substantive law of negligence. Under it, the tribunal hearing the case must still be satisfied on all the evidence that the deceased was in the exercise of due care and did not by his own acts of omission or commission help to produce his injury. *Cullinan* v. *Tetrault,* 123 Me., 302, 305, 122 A., 770; *Field* v. *Webber,* 132 Me., 236, 169 A., 732. The statutory presumption in favor of the deceased does not compel the submission of this class of cases to the jury. *Levesque* v. *Dumont,* 117 Me., 262, 103 A., 737.

It is claimed by the brother, who was in the automobile when the accident happened, that the decedent looked out the window and to the left just before he turned from the curb into the street, but in what direction he looked or what he saw does not appear. It is apparent that he either failed to see the trolley car moving rapidly towards him and but a short distance away, or took the chance of swinging out and driving up the street before it reached him. The contention of counsel for the plaintiff that the trolley car may have been far enough away when the decedent left the crub to justify him as a reasonably prudent man in attempting to drive out into the street ahead of it is not supported by any evidence of probative value. It is at best only an inference based on mere conjecture, which can never support a verdict. *Mahan* v. *Hines,* 120 Me., 371, 115 A., 132; *Alden* v. *Railroad,* 112 Me., 515, 92 A., 651; *Seavey* v. *Laughlin,* 98 Me., 517, 57 A., 796.

We are of opinion that the evidence in this case clearly preponderates in favor of the contention of the defendant that the plaintiff's intestate was injured largely, if not wholly, by his own negligence. The statutory presumption of his due care is clearly rebutted. The last clear chance doctrine has no application in this case. It being apparent in the trial Court that a verdict for the plaintiff could not be sustained, it was the duty of the trial Judge to direct the jury to return a verdict for the defendant. *Day* v. *B. & M. Railroad,* 97 Me., 528, 55 A., 420; *Field* v. *Webber,* 132 Me., 236, 169 A., 732. The mandate must therefore be

*Exceptions overruled.*