OLIVER P. SHEPHERD *vs.* INHABITANTS OF CAMDEN.

Knox.    Opinion May 27, 1890.

*New trial.   Damages.   Jury.   Practice.*

Upon a general motion to set aside a verdict as against evidence, in a case where the plaintiff claimed that he had suffered damage to his land by a change in the grade of a street, and there has been a view by the jury, the full court will not sustain the motion, although the reported evidence may preponderate in favor of the plaintiff for some damages, there being evidence on both sides submitted to the jury; and the preponderance of evidence not being so great as to satisfy the court that the verdict was the result of bias, prejudice or mistake of the jury.

Neither the testimony of jurors, nor their declarations out of court, are competent evidence to prove misconduct by them while having the case under consideration, after they have retired to their room, and while they were together during the view of the premises.

ON MOTION.

This was a complaint by land owner to the court for Knox county, under R. S., c. 18, § 68 as amended by c. 97, of the public laws of 1887, for a view and assessment of damages caused by raising the street in front of the plaintiff's premises, in the village of Rockport, town of Camden. The defendants contended that the benefits were equal to the damages. There was a view by the jury who returned a verdict for the defendants.

Besides the general motion to set aside the verdict, as against law and evidence, the plaintiff filed a special motion for a new trial on the ground of alleged misconduct of jurymen, during the view, and after they had retired to deliberate upon their verdict. In this motion, the plaintiff alleged that one of the jurymen,

whose knowledge of the premises had been acquired more than fifteen years before the trial, and before they had been used for the purposes which gave them their value, had declared in the jury room that he had worked teaming there; and that in his opinion the way out from the wharf was no worse than when he teamed there; that said statement influenced the mind of one other jury man in finding a verdict for the plaintiff. The motion also alleged similar declarations made during the view with like effect upon the minds of jurors. Affidavits of the jury and others, with depositions taken by a commissioner, appointed by the court, were filed with a report of the evidence at the trial.

*D. N. Mortland,* for plaintiff.

The verdict was against evidence and the weight of evidence. *Pollard* v. *Grand Trunk Ry.,* 62 Maine, 93. Equal benefits: *Briggs* v. *Horse R. R. Co.,* 79 Maine, 363.

Misconduct of jurymen: *Woodward* v. *Leavitt,* 107 Mass. 466; *Heffron* v. *Gallupe,* 55 Maine, 563; *Bowler* v. *Washington,* 62 Id. 302; *Winslow* v. *Morrill,* 68 Id. 362; *Perkins* v. *Knight,* 2 N. H. 474; *Cilley* v. *Bartlett,* 19 N. H. 312; *Patterson* v. *Boston,* 20 Pick. 166.

*C. E. Littlefield,* for defendants.

Misconduct of jurymen: Evidence taken subject to objection and inadmissible. *Heffron* v. *Gallupe,* 55 Maine, 566; *State* v. *Pike,* 65 Id. 117; *Trafton* v. *Pitts,* 73 Id. 408; *Woodward* v. *Leavitt,* 107 Mass. 453; *Rowe* v. *Canney,* 139 Id. 41; *Warren* v. *Spencer Water Co.,* 143 Id. 165.

If admissible, no misconduct shown. Moving party for new trial confined to facts set out in motion. (*Lennox* v. *R. R. Co.,* 62 Maine, 324) and must prove them to have prejudiced the party complaining. *Com.* v. *Desmond,* 141 Mass. 200; *Newell* v. *Ayer,* 32 Maine, 334; *State* v. *Flint,* (Vt.) 14 Atl. Rep. 186; *Dana* v. *Roberts,* 1 Am. Dec. 36, 37, note.

LIBBEY, J. This case was tried at *nisi prius,* on the petition of the plaintiff for damage to his lands by reason of a change of grade, in the street passing by them. The verdict was for the defendant. The case comes before this court on two motions.

First, to set aside the verdict as against evidence. Second, for a new trial on the ground of newly-discovered evidence.

As to the first motion, we think the evidence reported preponderates in favor of the plaintiff for some damages. But there was evidence on both sides, submitted to the jury, and the preponderance is not so great as to satisfy us that the verdict was the result of bias or prejudice of the jury, or of any mistake made by them. Furthermore, we have not before us all the evidence which the jury had to act upon. They properly viewed the premises; and they had a right to take into consideration what they saw of their situation,—to what extent, in their judgment, the change of the grade in the street affected the value of the plaintiff's premises. In such a case, the court hesitates to set aside the verdict.

As to the second motion, it is based wholly upon alleged misconduct of jurors while having the case under consideration after they retired to their room, and while they were together during the view of the premises. It is alleged that two of the jurors communicated to their fellows, facts known by them which influenced their action. The evidence offered to support the motion is the testimony of the two jurors in regard to the alleged misconduct, and of several witnesses, who testify to the declarations of the two jurors to them out of court and after the verdict was rendered. The evidence was taken after the adjournment of the court before a commissioner appointed for the purpose, subject to any legal objection that might exist to it.

We think it clearly settled that neither the testimony of the jurors, nor their declarations out of court after the verdict are competent evidence to prove the irregularities alleged in the motion. *Commonwealth* v. *White*, 147 Mass. 76; *Greeley* v. *Mansur*, 64 Maine, 211; *State* v. *Pike*, 65 Maine, 111.

With this evidence excluded there is no evidence to sustain the allegations in the motion. We think both motions must be overruled.

*Motions overruled.*

PETERS, C. J., WALTON, VIRGIN and HASKELL, JJ., concurred.