EVERETT C. LUNNEY

*vs.*

INHABITANTS OF SHAPLEIGH.

York.    Opinion August 14, 1914.

*Impassable.    Encumbered with Snow.    Notice.    Public.    Revised Statutes,*
*Chap. 23, Sec. 62.    Road Commissioner.    Town.    Way.*

1.   In case a way becomes blocked or encumbered with snow, the Road Commissioner shall forthwith cause so much of it to be removed or trodden down, as will render it passable.

2.   In case of sudden injury to ways or bridges, the Road Commissioner shall, without delay, cause them to be repaired.

3.   Any person sustaining damages in his business or property, through neglect of such Road Commissioner, or the Municipal Officers of such town to so render passable ways that are blocked or encumbered with snow, within a reasonable time, may recover therefor of such town by a special action on the case.

On motion by defendant for new trial.    Motion overruled.

This is an action on the case brought under Revised Statutes, Chap. 23, Sec. 62, to recover damages alleged to have been sustained by said defendant peculiar and different from those sustained by the public generally, on account of a certain way in said town being encumbered by snow and thereby rendered impassable.    Plea, general issue.    The jury returned a verdict for the plaintiff of $25.00. The defendant filed a motion to set said verdict aside.

The case is stated in the opinion.

*E. P. Spinney, George W. Hanson,* for plaintiff.

*Allen & Willard,* for defendant.

SITTING:    SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, PHILBROOK, JJ.

SPEAR, J.    This is an action on the case brought by Everett C. Lunney against the Inhabitants of the Town of Shapleigh for dam-

ages, which he alleges he sustained peculiar and different from those sustained by the public generally, by reason of a certain way in the Town of Shapleigh being, as he alleges, so encumbered with snow as to be impassable during a certain portion of the winter of 1912. This action is brought under Sec. 62 of Chap. 23 of our Revised Statutes, which reads as follows: "When any ways are blocked or encumbered with snow, the road commissioner shall forthwith cause so much of it to be removed or trodden down, as will render them passable. The town may direct the manner of doing it. In case of sudden injury to ways or bridges, he shall, without delay, cause them to be repaired. And all damage accruing to a person in his business or property, through neglect of such road commissioner or the municipal officers of such town, to so render passable, ways that are blocked or encumbered with snow, within a reasonable time, may be recovered of such town by a special action on the case."

The jury returned a verdict for the plaintiff, and the defendant, after verdict against it, asks this Court to set aside the verdict, and to grant a new trial, because there is no basis for such a verdict against it, and must have been the result of prejudice, passion, partiality, and bias on the part of the jury.

We have examined the evidence in this report carefully and find it a case peculiarly adapted to the judgment of men who are familiar with country roads in the winter time and particularly with the manner in which the country cross-roads, and little used roads, are treated by the town authorities. While each case brought under this statute is to be decided upon the evidence touching the particular conditions involved, yet, the weight of that evidence and its application to the conditions, are subject to interpretation through the experience and knowledge of the jurymen who are acquainted with the methods with which these roads are treated. Applying this rule we think the jury, who understood in a general way the local conditions, were more capable than this court can possibly be, by reading the report, of balancing the bulky and conflicting testimony, and determining the merits of the contradictions. While the case might have been decided either way, we are yet inclined to the opinion that the jury were not altogether wrong. There are certain admitted facts throughout the evidence which rather tend to show that this piece of road was not broken out in compliance with the statute under which the action is brought. This statute, it is evident, was enacted to

meet what might perhaps be called emergencies. It requires that ways blocked or encumbered with snow shall be forthwith made passable; that is, in a reasonable time. The undisputed evidence seems to show that the snow along this road for some distance was from four to six feet deep; that single teams had gone over the top of this snow, thus hardening a single track over which one team, with the exercise of sufficient care, might keep in the track and pass over the road. It further appears, and seems to be undisputed, that teams could not turn out. The manner in which they broke the road on March 8th is also significant of the condition in which it had been for several days previous. It seems that on this day, besides a crew of men, they used a harrow to break up the snow. If this piece of road had not been in an entirely different condition from the other roads, no such special effort would have been required to break it out. Another marked feature as to the condition of the road was shown by one of the defendant's witnesses, who admitted that he stopped over night with the mail carrier on account of information as to the impassability of this piece of road. He claimed that had he known the condition as it actually was he might have passed over it. The plaintiff also gave notice to the selectmen of the condition of the road and requested them to make it passable. Upon notice one of the selectmen said: "I sent a notification to the surveyors to open the road." And again says: "The road was opened." This language of a town officer is quite significant of the condition of the road before "it was opened."

All these things, and many others which appear in the testimony, furnish fairly good evidence to those acquainted with country roads and the method of breaking them, that this piece of road was actually in a pretty bad condition, and fairly presented to the jury for determination the question, whether it was so bad as to come within the meaning of the statute, under a fair, clear and discriminating charge given by the presiding Justice. They said it did, and gave a small verdict to the plaintiff. It cannot be regarded as excessive. We do not feel required to set it aside.

*Motion overruled.*