DONALD E. FARRINGTON

AND

CHRISTINE E. FARRINGTON

*vs.*

MAINE STATE HIGHWAY COMMISSION

Kennebec.   Opinion, March 4, 1963.

*Lewis I. Naiman,* for Plaintiffs.

*Frank E. Southard,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J.   On appeal from judgment and from the denial of a motion by the State for a new trial on the usual grounds addressed to the Presiding Justice.   This is a complaint for damages occasioned by the taking of land from plaintiffs for highway purposes and involves the usual elements of the actual taking of a certain area (.78 approximately acre), the rendering of a second portion inacces-

sible (.10 approximately acre) and the imposition on the plaintiffs' remaining land of two drainage easements.

The jury was given the benefit of testimony of the owners, an appraiser (whose qualifications were conceded by the appellant) called by the plaintiffs, testimony from State Engineers, and an appraiser (whose qualifications were accepted by the court) offered by the State, and a view of the premises. To a verdict in the amount of $2,800.00 the State addressed its motion and prosecutes its appeal contending that the owners' testimony of fair market value was based upon an erroneous foundation; that the opinion of the expert offered by the owner was not based upon sufficient facts of record; and that that evidence together with the view by the jury did not support the verdict.

The authorities which the State cites in support of its appeal are recognized as sound. The State urges that an owner's testimony properly to be accepted by the jury should not be based upon the opinion of others or involve sentimental value (*Maher* v. *Commonwealth*, 197 N. E. 78 (Mass. 1955)) ; that likewise the testimony of a professional appraiser properly to be accepted must be based upon sound principles, and not ignore consideration of the highest and best use of the land involved (*In Re: Clearview Expressway*, 174 N. E. (2nd) 522 (N. Y. 1961)) ; that opinion evidence without any support in the demonstration and physical facts is not substantial evidence and that opinion evidence is only as good as the facts upon which it is based (*Washington* v. *United States*, 214 F. (2nd) 33, 43 (Wash. 1954) and (headnotes 14-16)) ; that the opinion of an appraiser is no better than the hypothesis or the assumption upon which it is based (*International Paper Company* v. *United States*, 227 F. (2nd) 201, 205 (Ga. 1956)) ; and that an appraiser should give facts upon which his opinion is based (*City of Newport* v. *Dorsel Co.*, 136 S. W. (2nd) 11 (Ky. 1940)).

The State also urges that in the light of what it submits as insufficiency upon the record, the jury must have placed unauthorized reliance upon their view of the premises and that a jury may not base its assessment of damages on view alone, with which last statement we concur, Jahr on Eminent Domain § 249, but see *Bangor and Piscataquis R. R. Co.* v. *McComb,* 60 Me. 290, 302. We have no way of knowing the impression which the jury received from the view as compared to the recorded evidence, but are mindful of the declarations of this court in jury-viewed land damage cases in *Wakefield* v. *Boston & Maine R. R.,* 63 Me. 385 and *Shepherd* v. *Camden,* 82 Me. 535, 20 A. 91.

"In order to enable the jury to form a correct judgment of the amount of damages sustained by reason of the location of the railroad, they should 'view the premises' from such standpoints, and in such a manner as will give them an accurate knowledge of the considerations that go to make up the damages, such as the value of the land taken and the use to be made of it, the effect of the severance upon the character, situation, present and prospective use of the remainder of the lot, and any other facts that diminish the value of the premises." *Wakefield* v. *Boston & Maine R. R.,* 63 Me. 385, 387.

" * * * there was evidence on both sides, submitted to the jury, and the preponderance is not so great as to satisfy us that the verdict was the result of bias or prejudice of the jury, or of any mistake made by them. Furthermore, we have not before us all the evidence which the jury had to act upon. They properly viewed the premises; and they had a right to take into consideration what they saw of their situation, — to what extent, in their judgment, the change of the grade in the street affected the value of the plaintiff's premises. In such a case, the court hesitates to set aside the verdict." *Shepherd* v. *Camden,* 82 Me. 535, 537, 20 A. 91.

That rule is followed in *State* v. *Slorah,* 118 Me. 203, 214, 106 A. 768, wherein the aspect of a "view" in a criminal case was discussed and the court said:

> "We are, therefore, of the opinion, without modifying the prior views of this court in land damage cases, as laid down in *Shepherd v. Camden* and *Wakefield v. Boston & Maine R. R.*, supra, * * * that the theory most consonant with reason is to hold that the purpose of a view is not to receive evidence, but as the court has so frequently phrased it, to enable the jury to more intelligently apply and comprehend the testimony presented in court; and that so far as the information received on the view can in any way be considered by the jury it must be limited to such as is obtained from an ocular examination of the premises."

The collective expressions of the court in these cases seem to have given rise to the more frequently quoted pronouncement which appears in *Reed* v. *Central Maine Power Company,* 132 Me. 476, 479, 172 A. 823, where the court stated:

> "In a land damage case, a view constitutes a special kind of evidence."

It is not felt that the "view" aspect of this case is controlling and we propose to give it no undue attention, but for the statement in the *Reed Case* to be understood, reference to *McComb, Shepherd* and *Slorah* is suggested as necessary, and the following discussions are additionally helpful.

> Orgel on Valuation under Eminent Domain, effect of the view § 129.

> Wigmore on Evidence, Third Edition, Autoptic Proference, Discussions of jury view § 1168.

We must conclude that the points urged by the State as to the insufficiency of the evidence as to damage can right-

fully be applied to the present record without determining, and indeed it is unnecessary for us to determine, that the evidence of the plaintiff alone is or is not sufficient, or the evidence of his appraiser alone is or is not sufficient, or the evidence of the view was or was not properly evaluated by the jury. The sum total of the evidence received by the jury in the form of testimony of witnesses, exhibits, and view, — its conduct not criticized, supports the verdict.

There is no occasion to cite authority for the principle that barring error in the submission of evidence apparent from the record this court cannot substitute its judgment for that of the jury. Attention is again invited to the quotation from *Shepherd* v. *Camden, supra.*

The State in its brief urged consideration of *Peabody* v. *Hewett,* 52 Me. 33, and we paraphrase and quote from that case at page 49. On the question of the value of the premises the finding of the jury may differ from the opinions of some of the witnesses introduced. But, adequate facts on which these opinions were based were disclosed by the witnesses "and may be considered as an important element for the consideration of the jury in finding the value which they were to pronounce in their verdict; and we are not satisfied that the jury was under such influences as to make it the duty of the court to disturb the verdict on this account."

*Appeal denied.*