HENRY J. CONLEY, Admr. *vs.* PORTLAND GAS LIGHT COMPANY.

Cumberland.　Opinion May 16, 1904.

*Evidence.　Witness,* Qualification of as expert.　*Negligence.*

When a witness is offered as an expert, the presiding justice is not bound to determine whether he is qualified to so testify in advance of the question to the witness which calls for expert testimony. The question itself will then show in what capacity as an expert he is asked to testify, and the ruling of the presiding justice, admitting it is ipso facto a decision that the witness has qualified upon that subject, and that the subject is one proper for expert testimony.

Expert capacity is a matter wholly relative to the subject of the particular question. A witness may be sufficiently qualified for one question and totally unqualified for the next.

Special skill and knowledge in regard to a particular subject can only come from experience or special study or both. Mere casual observation, superficial reading, or slight oral instruction is not sufficient.

It is clearly error to permit a witness to testify as an expert in regard to the manufacture of water gas, its pressure, composition, dangerous nature and the dangers attendant upon its manufacture, and to give his opinion as to what would happen and what would be the proper thing to do in various hypothetical conditions, when his only knowledge of the subject was

acquired by having seen, and had explained to him, the apparatus used for its manufacture and transmission.

See *Same* v. *Same*, 96 Maine, 281.

On motion and exceptions by defendant.   Exceptions sustained.

Action at common law to recover damages for negligence resulting in the death of the plaintiff's intestate, caused by an explosion of gas August 11, 1900, at the defendant's works in Portland, and alleging that death was not immediate and that it was attended with conscious suffering.

The jury returned a verdict for the plaintiff in the sum of $7,500.   The defendant filed a general motion for a new trial and was also allowed exceptions which appear in the opinion.   The court having sustained the exceptions did not consider the motion for a new trial.

*D. A. Meaher,* for plaintiff.

*A. F. Moulton,* for defendant.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

POWERS, J.   This is an action to recover for injuries alleged to have been caused by the negligence of the defendant in the management of its works at its gas plant in Portland.   The writ alleges negligence in regard to employment of servants, defective condition of piping and appliances of the works, and that by reason of such negligence an explosion occurred resulting in the death of the plaintiff's intestate, an employee of the defendant at its works.

The case comes before the law court on motion and exceptions by defendant.   The first exception relates to the refusal of the presiding justice to rule in what capacity one Richard H. Walsh was competent to testify as an expert.   When a witness is offered as an expert it is the duty of the presiding justice to hear and consider the testimony as to his qualifications and to decide whether the witness is qualified to so testify.   He is not, however, bound to determine the fact in advance of the question to the witness which calls for expert testimony.   The question itself will then show in what capacity as an expert he is asked to testify, and the ruling of the presiding jus-

tice, admitting it, is ipso facto a decision that the witness has qualified upon that subject, and also that the subject is one proper for expert testimony.

"There are no fixed classes of expert persons, in one of which a witness finds himself and remains permanently. A person may be sufficiently skilled for one question and totally unqualified for the next. . . . . The witness may from question to question enter or leave the class of persons fitted to answer. It is desirable to appreciate that expert capacity is a matter wholly relative to the subject of the particular question; that therefore the existence of the capacity arises in theory as a new inquiry from question to question; and that a particular person is not to be thought of as objectively or absolutely an expert, in the sense that he is absolutely a German or a negro or six feet high." 1 Greenleaf Ev. 16 ed. 430a.

The remaining exceptions are to the admission of over sixty questions to the same witness and his answers thereto as an expert upon a great variety of topics. It would be as unprofitable as interminable a task to examine these in detail. Whether a witness called as an expert possesses the necessary qualifications to enable him to testify, is a preliminary question addressed to the discretion of the presiding justice, and his decision must be final and conclusive unless it is made clearly to appear from the evidence that it was not justified or was based upon some error in law. *Marston* v. *Dingley*, 88 Maine, 546. The evidence in this case is not made a part of the exceptions. As to most of the subjects to which the testimony relates the exceptions fail to show what was the evidence of his qualifications, and therefore necessarily fails clearly to show that the decisions of the presiding justice were not justified.

The exceptions do show, however, that Walsh testified as an expert in regard to the manufacture of water gas, its pressure, composition, and dangerous nature, and the dangers attendant upon its manufacture, and gave his opinion as to what would happen and what would be the proper thing to do in various hypothetical conditions of water gas and the machinery used in its manufacture and transmission. His qualifications also appear. He stated that all he knew about water gas was what he had learned at the Portland gas works, that

he there had no experience in its manufacture, but had there seen the apparatus and had the whole thing explained to him some three years before.

When the nature of the question at issue is such that men of ordinary experience and intelligence may be supposed to be incapable of drawing conclusions from the evidence without the assistance of some one who has special skill or knowledge in the premises, witnesses possessing such skill and knowledge are permitted to give their opinions. *State* v. *Watson,* 65 Maine, 74. Such skill and knowledge can only come from experience or special study or both. Mere casual observations, superficial reading or slight oral instruction is not sufficient. In the present case the witness was a day laborer. He had no experience in regard to the manufacture of water gas. This excludes him from the class of experts qualified by experience. He had made no special study of the subject. In fact he does not appear to have made any study of it. His only knowledge of the subject was received from having seen the apparatus and hearing it explained. This was no more than the jury might obtain by a view and the testimony of a single witness. Experts cannot be manufactured by the momentary use of the eye and ear. Such mental application as the witness had given to water gas and its manufacture could have brought him no special or peculiar knowledge on the subject. Exceptions to the salutary rule of evidence, which requires witnesses to testify only to facts within their personal knowledge, should not be so extended as to embrace the opinions of such ready made experts. Clearly it was error to admit such a witness as an expert, and it is equally clear that his opinions upon the vital questions of the case must have been prejudicial to the defendant.

It is unnecessary to examine the motion.

*Exceptions sustained.*