ARTHUR P. ADAMS *vs.* WILLIAM H. BURTON.

Somerset.    Opinion October 20, 1910.

*Fraud.    Misrepresentations by Vendor.    Measure of Damages.    Evidence.*

In an action for deceit against a vendor, requested instructions that his statement that one season he cut 60 to 65 tons of hay was an estimate or opinion only, as the hay was then in the barn and could have been as readily calculated by the purchaser as by the vendor, and hence was not a material representation, and that a statement as to the length and width of a barn was not a material representation, as the purchaser could have easily measured it, were properly refused, as not being entirely correct legal propositions.

Statements by a vendor as to the quantity of hay cut on the land during a particular season were material representations, and not mere "dealer's talk."

Evidence *held* to sustain a finding that misrepresentations were made by a vendor with knowledge of their untruth, and that the purchaser was thereby deceived and induced to purchase.

That a vendor made misrepresentations, known by him to be untrue, which the purchaser relied on, thereby being deceived and induced to purchase, shows liability of the vendor.

A purchaser's measure of damage for the vendor's deceit is the difference between the actual value of the land and its value based on the vendor's representations.

On exceptions and motion by defendant.    Overruled.

Action on the case to recover damages for deceit in the sale of a farm.    Plea, the general issue.    Verdict for plaintiff for $750. Defendant excepted to certain rulings and also filed a general motion for a new trial.

The case as stated by the bill of exceptions, is as follows :

"This case is an action of deceit by vendee in the sale of a farm against vendor in which a verdict was rendered for the plaintiff.    It is averred in the declaration that there were misrepresentations as to the boundaries of the farm and that the defendant represented that the barn on the farm was forty feet wide and seventy-two feet long, but that the barn was only thirty-six feet wide and sixty-four feet long and that the defendant represented that there was cut on the farm in 1907 from sixty to sixty-five tons of hay, but the defendant only cut in 1907 twenty tons.    The plaintiff at the trial testified that these representations were made by the defendant and that they were false.    It also appears from the plaintiff's evidence that he was in the barn at the time the representations as to the size of the barn and the number of tons of hay cut were made, and that the 1907 cut of hay was then in the barn and the plaintiff knew it and looked at it, and that he was at the barn on two other occasions before the sale.

"The presiding Justice charged the jury that as to whether these representations were material or not was a question for the jury.    At the close of the charge the Judge was requested by the defendant to give three instructions to the jury.    The first instruction, which was that "the statement alleged to have been made by Mr. Burton that he would soon have to build a new barn on account of the amount of hay cut, is not a material representation on which an action can be based," was given to the jury, but the last two instructions he refused to give the jury, as follows :

"2.    The statement alleged to have been made by Mr. Burton that in the summer of 1907 he cut sixty to sixty-five tons of hay is only an estimate or expression of opinion, as the hay was then in the barn and the amount could have been as readily calculated by

the plaintiff as by Mr. Burton, and is therefore not a material representation.

"3    The statement made by Mr. Burton as to the length and width of the barn, inasmuch as it was before the plaintiff and could have been easily measured by him, is not a material representation."

*George W. Gower*, for plaintiff.

*Manson & Coolidge*, for defendant.

SITTING :    EMERY, C. J., SAVAGE, PEABODY, SPEAR, JJ.

PEABODY, J.    This is an action on the case brought to recover damages for deceit in the sale of a farm in Pittsfield, Somerset County, Maine.   The verdict was in favor of the plaintiff for $750.

The case is before the Law Court on the defendant's general motion for a new trial and on exceptions to the rulings of the Justice in refusing to give two requested instructions, namely, "A statement alleged to have been made by Mr. Burton that in the summer of 1907 he cut 65 tons of hay is only an estimate or expression of opinion, as the hay was then in the barn and the amount could have been as readily calculated by the plaintiff as by Mr. Burton, and is therefore not a material representation ;" and "The statement made by Mr. Burton as to the length and width of the barn inasmuch as it was before the plaintiff and could have been easily measured by him, is not a material representation."

Part of the farm was owned and conveyed by the defendant and the other part was owned and conveyed by his wife, Lucy Burton, to the plaintiff, but all the alleged representations having been made by the defendant, the two cases were by agreement to be tried as one and as though he conveyed the whole.

The land described in the writ consisted of four different pieces, namely, the Burton home farm, on which were the buildings, being lot No. 4 in the fifth range ;  east of this the Nathan Burton lumber lot, being the south half of lot No. 3 in the fifth range and the north half of lot No. 3 in the fourth range ;  further east a parcel of land consisting of all of lot No. 4 in the fifth range and part of lot No. 4 in the fourth range ;  and next easterly a parcel of seventy-seven acres in the fifth range.

The misrepresentations claimed are to the location of the northerly and southerly lines of the Nathan Burton lumber lot; the southerly line of the Lucy Burton lot No 4; also in regard to the size of the barn and the productiveness of the farm.

We consider first the exceptions. The refusal to give the requested instructions was proper, because the legal propositions involved in them were not correct in their entirety. *Franklin Bank* v. *Cooper*, 39 Maine, 542.; *Hetland* v. *Bilstad*, 140 Iowa, 411.

Giving the plaintiff the benefit of the most favorable inference which may be drawn from the evidence the liability of the defendant must be limited to the representations made by him in regard to the productiveness of the farm, the others alleged being either not sufficiently proved or as proved not actionable representations. Here the testimony is in direct conflict. The plaintiff testifies that in answer to the inquiry as to the quantity of hay the farm cut Mr. Burton said he cut from 60 to 65 tons the year he, the plaintiff, bought the place, and he said that the year before that he wintered 13 head of cattle, 30 sheep, 2 horses, part of the time 3 horses, kept the horses up the year round, and sold 16 tons, 1700 pounds of hay, and had a part of a ton left, half or three quarters of a ton, part of a ton left, and he cut more hay that year than he ever cut before. The plaintiff further testifies that the year 1908 he cut on the farm about 12 tons.

The defendant in reply to the question of his counsel, "Did you ever make a statement that this farm would cut 60 or 65 tons of hay?" he answered, "No, Sir," and to the question, "Did you ever make a statement that it ever cut 60 or 65 tons?" he answered, "No, Sir, no mention of any tons at all. You mean to Mr. Adams?" On cross examination by the plaintiff's attorney in answer to the question, "How much hay do you claim you cut on that farm?" he answered, "Well now, I never had it pressed, Mr. Gower;" "What is your judgment?" "I should guess, take it an average one year with another, may be 40 or 45 tons."

The statements claimed by the plaintiff to have been made by the defendant relative to the quantity of hay cut on the farm were statements of fact, the substantial correctness of which the defend-

ant knew, or which he might properly be supposed to know. They were material representations, not mere "dealer's talk," and we think the jury were justified in finding from the evidence that they were made by the defendant, were known by him to be untrue, that the plaintiff relied upon them, was deceived, and by the deceit induced to purchase the farm, and that the defendant was therefore liable. *Hoxie* v. *Small*, 86 Maine, 23; *Braley* v. *Powers*, 92 Maine, 203; *Martin* v. *Jordan*, 60 Maine, 531; *Coon* v. *Atwell*, 46 N. H. 510.

The damages would be measured by the difference between the actual value of the farm and the value based on the representations of the defendant, and as found by the jury they are not excessive.

*Exceptions overruled.*
*Motion overruled.*