JAMES H. KERR ET AL

*vs.*

THE GREAT ATLANTIC & PACIFIC TEA COMPANY.

Cumberland.    Opinion March 20, 1930.

*Frank P. Preti,* for plaintiffs.
*Hinckley, Hinckley & Shesong,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, JJ.
MORRILL, A. R. J.

PATTANGALL, C. J.    On exceptions and motion. Action in tort to recover damages alleged to have been caused by negligence of defendant, resulting in the destruction by fire of certain property of plaintiffs. Verdict for plaintiffs. Damages assessed at $14,636.36, which amount by special finding of the jury "includes all claims for machinery and all other property in dispute."

Plaintiffs were partners doing a general contracting business and occupying a large storehouse in which was kept their equipment, including a very substantial quantity of machinery and tools.

Defendant occupied two buildings in close proximity to plaintiffs' storehouse, which were used as storerooms for crates, boxes, barrels and paper. Between its buildings and that of plaintiffs, defendant maintained a large metal cylindrical incinerator in which it burned such rubbish as accumulated from the storehouses mentioned and from its branch stores. This incinerator was in operation on July 8, 1929, during a period of protracted heat and drouth, on a day when a high westerly wind prevailed.

Plaintiffs' property was on that day destroyed by fire under circumstances which led them to conclude that sparks from the incinerator, negligently operated as they claimed, caused the damage. Suit was brought, trial was had, and a jury agreed with that conclusion. There was evidence sufficient to warrant such a finding.

In support of its motion, defendant relies upon the fact that the jury included in its estimate of damages the value of certain property in plaintiffs' possession and in use by them at the time of the fire, which it claimed was not the property of the partnership but belonged personally to one of the partners.

This property was valued at $6,700 and defendant argues that the inclusion wrongfully of so large an amount in the computation made by the jury ought not to be corrected by a remittitur but should be sufficient evidence of prejudice to warrant setting aside the entire verdict and ordering a new trial.

That argument might be entitled to weight if the $6,700 had in

fact been wrongfully included in the verdict. But the right of plaintiffs to recover on the items making up that amount did not rest, as defendant apparently assumes, upon the question of whether or not the partnership had title to the property enumerated in this schedule. It would be entitled to the same amount in damages if it held the property as bailee as though it had been owner. *Little* v. *Fossett*, 34 Me., 545; *Vining* v. *Baker*, 53 Me., 544; *B. & M. R. R. Co.* v. *Warrior Mower Co.*, 76 Me., 251. There was evidence from which the jury would have been justified in finding the partnership bailee if not owner, and both propositions were submitted to it.

The exceptions, fourteen in number, relate to the admission and exclusion of certain testimony and to the refusal to instruct the jury as requested.

The first three exceptions concern testimony offered by Percy H. Richardson, an engineer, who explained a plan of the locus, including the position of the incinerator. His observation of the premises occurred some three weeks after the fire. The condition of the incinerator at the time of the fire was in issue. Its condition three weeks afterward was immaterial, unless it could be shown that it had remained unchanged. No such evidence had been offered at the time this witness testified. The jury had, however, viewed the premises and had seen the incinerator. The court very properly limited the testimony of the witness with these considerations in view.

The fourth exception was to permitting a witness, who testified that there was a pile of rubbish back of the defendant's building and adjacent to plaintiffs' building which he considered in dangerous proximity to the incinerator, to state that he had called the attention of one of defendant's employees to the fact. Witness had already testified, under cross examination, that he had not mentioned the matter to anyone in authority in the defendant corporation. He was then asked in redirect if he gave anyone warning. This was objected to. The question could and should have been answered by "yes" or "no," and so answered would have been harmless. Witness unresponsively answered, "Yes, I did. It was to Mr. Moody." Undoubtedly the latter part of the answer would have been stricken out on motion unless Mr. Moody had been shown to

be an agent of defendant. No such motion was made.

Exception five is apparently to the remark of the court that the jury would be instructed that the question of whether or not the incinerator was protected by a top on days other than the day of the fire was immaterial. Such an instruction would have been a proper one.

Exceptions six, seven, eight and nine are taken to the court limiting the scope of cross-examination designed to test the memory and credibility of certain witnesses, matters within the discretion of the court, and in these instances the discretion was not abused.

Exceptions ten and eleven are to permitting one of the plaintiffs to testify to the value of a portion of the destroyed property. Defendant admits the general rule that an owner may give his opinion as to the value of his property, but avers that in this instance the witness was not sufficiently familiar with the particular property to be able to fairly judge its value. The objection goes to the weight of the evidence, not to its admissibility.

Exceptions twelve, thirteen and fourteen involve the following requested instructions to the jury which were refused:

"1. If you find from the evidence that Mr. Kerr, one of the co-partners, owned any of the property in the storehouse, I instruct you that the plaintiffs under the evidence in this case cannot recover for that property.

"2. If you find that Mr. Kerr left or stored any of his own property in that storehouse and that this property was not used by the partnership, then the plaintiffs cannot recover for those articles.

"3. There is no evidence from which you could find that the five articles heretofore enumerated, over which there is a controversy as to ownership, were held by the plaintiff as bailee."

The first and second negative the right of plaintiffs to recover as bailees and would have been error. The third was not justified by the evidence. The charge of the presiding Justice covered the situation fully, fairly, and correctly. Defendant's exceptions present no ground for just complaint.

*Motion overruled.*
*Exceptions overruled*