THERESA NELSON
*vs.*
LEO'S AUTO SALES, INC.

Somerset.   Opinion, October 18, 1962.

*Clinton B. Townsend,* for the Plaintiff.

*Richard J. Dubord,* for the Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, JJ. DUBORD, J., did not sit.

TAPLEY, J.   On appeal.   Plaintiff in her action charges the defendant with fraud, in that she was fraudulently induced to purchase an automobile on the false representation that it was a new vehicle.   She executed an agreement to

buy with the defendant and later signed a conditional sales agreement covering the same automobile. The defendant filed answer and counterclaim. The defendant, through counterclaim, sought to recover a balance of $93.00 alleged to be due on a note executed and delivered to the defendant. The jury found for the plaintiff and assessed damages in the sum of $2,000.00, and for the defendant, on its counterclaim, in the amount of $83.00. At the conclusion of the plaintiff's case defendant orally moved for a directed verdict. The motion was denied. Later, after submission of all the evidence, the defendant again moved for a directed verdict. This motion was also denied. After verdict defendant seasonably filed a motion for judgment *n.o.v.* and alternatively for a new trial. (Rule 50, M. R. C. P.). The motion was denied and final judgment entered. Defendant appeals from the final judgment.

Defendant's points of appeal are, in substance, as follows:

1. The court erred in not granting defendant's motion for judgment *n.o.v.* and for a new trial based on grounds of insufficient evidence.

2. There was error in refusing to grant defendant's motion for judgment *n.o.v.* and for a new trial because there was insufficient evidence that the plaintiff relied upon the alleged false representations of defendant's agent, or that plaintiff could not have discovered such alleged falsity by the exercise of reasonable care.

3. There was error on the part of the court in refusing to grant a new trial on the grounds that the damages were excessive.

4. That the court refused to grant a new trial on the grounds that the verdict was contrary to the evidence.

5. That in admitting parol evidence which tended to alter, vary and contradict a written contract between the parties, the court was in error.

We will first give our attention to the objection against the admission of the parol evidence. The plaintiff desired to purchase an automobile from the defendant. The parties entered into two written agreements, one being in the nature of an agreement to sell and buy, and the other a conditional sales agreement. During the trial of the cause plaintiff sought introduction of parol testimony concerning conversations she had with an agent of the defendant as to the age of the car, her contention being that false representation was made to her that the car was new and that the representation took place before she signed the written documents. Defendant, objecting to the admission of such testimony, argued the well established and recognized rule of evidence that the testimony was inadmissible as it tended to alter a written instrument and that the documents must speak for themselves. If the complaint was based on a written contract between the parties the rule would apply but the complaint does not sound in contract but alleges that the defendant, by and through its agents, falsely represented that the automobile was new and the plaintiff, because of this false representation, was induced to purchase the vehicle. The nature of the action allows the plaintiff to introduce testimony aliunde, not for the purpose of altering the written contracts but rather to evidence the fact, as she says, a false and fraudulent representation made for the purpose of inducing her to execute them. The principle is enunciated in 17 C. J. S. — Contracts — Sec. 595:

> "FRAUD: Fraud may be shown by the positive declarations or admissions of the person charged or by indirect evidence, such as the acts, conduct, and other circumstances attending the transaction; and it has been said that courts will not trouble themselves about fine distinctions in the admissibility of evidence when the purpose is to unkennel a fraud."

> "A provision that the writing contains the entire agreement does not prevent one party from assert-

ing that the making of the contract was induced by fraud. A stipulation in a written contract disclaiming responsibility for unauthorized collateral agreements or warranties made by agents cannot prevent the interposition of the defense of fraud which has induced the making of the contract. Similarly, a stipulation in a written contract that neither party shall be bound by attempted changes in it, unless they are in writing and signed by the parties thereto, does not preclude the defense of fraud in securing the contract." 12 Am. Jur. — Contracts — Sec. 146.

"A party is not precluded from introducing testimony of other allegations made at the time than those contained in the written contract for the purpose of proving fraud." *Portland Morris Plan Bank* v. *Winckler, et al.,* 127 Me. 306 at 310.

"There can be no doubt that fraud or false representations made as an inducement to a contract may be shown for the purpose of avoiding the contract by the party upon whom such fraud has been practiced. A written instrument may be shown to be void by parol evidence." *Marston, Executrix* v. *Kennebec Mutual Life Insurance Company,* 89 Me. 266 at 273.

"A representation made as an inducement in the sale of an automobile, as to its age or the length of time it has been in use, is undoubtedly material as affecting value; and if false, it is actionable." *Ross* v. *Reynolds,* 112 Me. 223 at 226.

The testimony objected to was properly admitted.

The defendant attacks the verdict by contending that the plaintiff has failed to produce sufficient evidence to clearly and convincingly establish the elements of an action of deceit and, therefore, the verdict of the jury must not be allowed to stand. According to the record, the jury would be justified in finding that the plaintiff was told by an agent of the defendant that the car which she was purchasing was a new car; that the conditional sales agreement on its

face recited the fact that it was new; that the so-called agreement to sell and buy showed some indication of an alteration of a material fact in that the written word "used" appears to have been written over another word which has some semblance of the word "new"; that she acted in good faith and was induced to purchase the automobile on the representation that the vehicle was new. The presiding justice charged the jury on the law as it pertains to the action of deceit. The charge as given stands free of attack. Insofar as the element of liability is concerned we find that the triers of fact were presented with evidence sufficient in its probative force to justify the verdict.

Counsel for the defendant, in further argument, presents that the damages as found by the jury were excessive; that there was insufficient evidence to support the amount of damages.

The evidence, as to damages, consists of the testimony of the plaintiff and that of two defense witnesses, both employees of the defendant. The defense testimony places the difference in value as being between one hundred and two hundred dollars. The plaintiff testified:

"Q. I believe that you have testified that you later discovered that the car had been at some time damaged, that the frame had been bent, and that there had been some repair work to it. What would the value of a car be which had been damaged to that extent?

A. To me at this time?

Q. At the time you bought it.

A. Say that again?

Q. What would the value of the car have been to you at the time you bought it?

A. At the time I bought it I feel that the price that I gave for the car —

Q. As a new car?

A. Yes.

Q. But if you had known that the car was damaged —

A. I would say $500."

The measure of damages under the factual circumstances of this action of deceit is the difference between the actual value of the vehicle when delivered to the plaintiff and the value of the motor vehicle she would have received if the representations had been true.

"**227. Benefit-of-bargain or Majority Rule.** — The great weight of authority sustains the general rule that a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations as to the value, quality, or condition of the property, may recover as damages in a tort action the difference between the actual value of the property at the time of making the contract and the value that it would have possessed if the representations had been true. In other words, the defrauded party is entitled to recover the difference between the real and the represented value of the property. As frequently stated by courts following this doctrine, the defrauded party is entitled to the benefit of the bargain. This rule compels the party guilty of fraud to make good his misrepresentations, and under its operation the parties are placed in the same position as if the contract and representations had been fully performed. It so results that the measure of damages in a tort action for fraud in the sale of personal property is the same as in actions for breach of warranty, and requires the person disposing of the property to make good his representations just as though he had given a warranty to that effect."

\* \* \* \* \* \*

" - - - -, a person who is induced to purchase an automobile on the misrepresentation that it is a new car whereas in fact it is secondhand may recover the difference between the actual value of the car at the time of sale and its value if it had

been as represented." 24 Am. Jur., Sec. 227, pages 55-57.

See *Adams* v. *Burton,* 107 Me. 223; *Chellis* v. *Cole, et al.,* 116 Me. 283; *Bragdon* v. *Chase,* 149 Me. 146; *Shine* v. *Dodge,* 130 Me. 440; *Rice, et al.* v. *Price, et al.,* 164 N. E. (2nd) 891 (Mass.) (1960); *Cedar* v. *McCarthy, et al.,* 70 N. E. (2nd) 698 (Mass.); *Falkner* v. *Sacks Bros. et al.,* 30 N. W. (2nd) 572 (Neb.); *Paquin* v. *Van Houtum,* 72 N. W. (2nd) 169 (Mich.); *Lutfy* v. *R. D. Roper & Sons Motor Co.,* 115 P. (2nd) 161 (Ariz.); *Anderson, et al.* v. *Tri-State Home Improvement Co.,* 67 N. W. (2nd) 853 (Wis.); *U. S.* v. *Ben Grunstein & Sons Company, et al.,* 137 F. Supp. 197. Reference is made to a comprehensive treatment of the subject of damages in fraud and deceit actions in 124 A. L. R., with annotations, beginning on page 37.

An owner may give his opinion as to the fair market value of his property. *Kerr* v. *The Great Atlantic and Pacific Tea Company,* 129 Me. 48. In 37 A. L. R. (2nd) 967 will be found an annotation treating of opinion evidence given by an owner as to value of his property.

In the instant case the plaintiff testified as to the value of the car to her — not its market value.

Because of the character of the plaintiff's testimony as to value, the jury received and considered evidence which was not in accordance with the rule of damages applicable to this case.

The verdict as to damages is excessive.

*Case remanded to the Superior Court for a trial on damages only.*