Harold G. SIMMONS

v.

STATE of Maine, Acting By and Through Its STATE HIGHWAY COMMISSION.

Supreme Judicial Court of Maine.

Oct. 27, 1967.

James Blenn Perkins, Jr., Boothbay Harbor, for plaintiff.

Paul G. Creteau, Cape Elizabeth, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, and DUFRESNE, JJ.

MARDEN, Justice.

On appeal. This is a complaint for land damage occasioned by the taking of a portion of plaintiff's land devoted to a trailer park, and the imposition of slope and drainage easements on a portion of the plaintiff's remaining land. The jury viewed the premises.

Plaintiff-owner testified to the before and after value of his property based upon a history of his development of the tract, improvements thereto, loss of trees and his prevention, by this taking, of continued development and loss of income. This testimony was offered in direct examination and explored on cross examination, without objection. The plaintiff valued his land before the taking at $20,000.00 and after the taking at $5,000.00. At the close of the plaintiff's case State moved to strike plaintiff's entire testimony on the ground that his conclusion as to damage was based upon speculation. This motion was denied.

The State, by a qualified witness, expressed the opinion that the value before the taking was $8,000.00 and after the taking was $6,200.00. At the close of the case the State moved for a directed verdict in the amount of $1,800.00 upon the ground that plaintiff had failed to properly sustain his proof of damage, which motion was denied.

Following the charge to the jury, defendant objected to that portion in which dominant and servient ownership was discussed as applied to the drainage and slope

easements taken and requested instructions:

(1) "That there must be a reasonable basis for any opinion,"

(2) "that damages are not to be measured according to the damage to the owner himself but on the basis only of diminution in market value," and

(3) that speculative profits are not properly to be considered.

■ These requests for instructions were unseasonable. Rule 51(b) M.R.C.P. and § 51.3 Main Civil Practice. So presented, the presiding Justice was entitled to consider them as objections to the reference portion of his charge. He elected to permit the charge to stand as given.

The jury returned a verdict for $5,000.00 and the case is before us on the following points of appeal:

(1) Error in refusing to strike the testimony of the plaintiff.

(2) Error in refusing to grant State's motion for a directed verdict, and

(3) Error in refusing to give additional instructions to the jury.

The principal issue, as stated in the appellant's brief, is the sufficiency of the evidence to support the verdict. Only the plaintiff offered testimony in support of his claim and the State's challenge as to its sufficiency is grounded upon criticism of the bases upon which plaintiff arrived at his conclusion of damage.

■ While the rule is not without exception nationwide, Maine stands with the weight of authority in holding an owner of a chattel, by reason of that owner-relationship alone, competent to express his opinion of the chattel's value. Annotation 37 A.L.R.2d 967, 974; Kerr v. Great Atlantic & Pacific Tea Company, 129 Me. 48, 51, 149 A. 618; and Nelson v. Leo's Auto Sales, Inc., 158 Me. 368, 374, 185 A.2d 121.

The rationale is expressed in 31 Am. Jur., 2d Expert and Opinion Evidence § 137.

"The primary reason for admitting such an estimate of value is that of necessity, the owner necessarily knowing something about the quality, cost, and condition of the article, and it often being impossible to produce other witnesses having the requisite knowledge upon which to base an opinion. But the rule of admissibility is more frequently predicated on the presumption that the owner, being familiar with his property, knows what it is worth."

Upon similar principles, an owner is considered competent to testify as to the value of his real property, 31 Am.Jur., 2d Expert and Opinion Evidence § 142. The extension of the rule to real estate was accepted as foregone in Towne et al. v. Larson, 142 Me. 301, 305, 51 A.2d 51. While it may well be that the owner may not possess "all the qualifications that would be required of others who testify as to value," an owner "through personal knowledge of his property, with a reasonable opportunity to observe its area, the uses to which it may be put, the extent and condition of any improvements thereon, possesses sufficient knowledge from which to form an opinion as to the value" Westinghouse Air Brake Co. v. City of Pittsburgh (1934) 316 Pa. 372, 176 A. 13 [4, 5], 15. Any objection raised by the adverse party as to owner's actual familiarity with the particular property "goes to the weight of the evidence, not to its admissibility" Kerr, supra, 129 Me. at page 51, 149 A. at page 620, even to the point of reversing a verdict, upon appeal. See United States v. Sowards (10 CCA, 1966) 370 F.2d 87 [15–17], 92.

■ Plaintiff-owner was qualified to express his opinion of fair market value, the weight to be given such opinion was for the jury. One of the considerations related by plaintiff, and introduced without objection in his direct testimony and

explored upon his cross examination, was the anticipated income from the area which the State took, and the State urges that Curtis v. Maine State Highway Commission, 160 Me. 262, 203 A.2d 451, in its holding as to prejudicially inadmissible speculative evidence must bar plaintiff's conclusion here. The *Curtis* holding is not apt. Plaintiff here had a trailer park in operation and it was not in dispute that the State's taking deprived him of space for six to eight trailers. Loss of income with inherent speculation as to the extent of occupancy and net return cannot be the sole basis of *computing* severance damage as an element of diminution in fair market value. Such facts may be considered "only as contributing factors to the ascertainment of market value rather than as a criterion thereof." See Knox Line Company v. Maine State Highway Commission, Me., 230 A.2d 814 [11], 827. Attack on this evidence by cross examination challenged the weight of plaintiff's conclusion,—which was grounded as well on other factors. There was no error in the court's refusal to strike the plaintiff's testimony.

Additionally, the jury viewed the premises, by which view the jury was enabled to test his factual allegations of loss, or diminution of use, and "[i]n a land damage case, a view constitutes a special kind of evidence." Reed v. Central Maine Power Company, 132 Me. 476, 479, 172 A. 823; and Farrington v. Maine State Highway Commission, 159 Me. 95, 97, 188 A.2d 483. There was evidence to support the verdict.

As earlier pointed out, the third point of appeal cannot be considered in the context of refused instructions. It can be considered only as a reservation of objections to certain phases of the charge to the jury. The trial court's discussion of the slope and drainage easements in terms of dominant and servient ownership was accurately expressed and the instruction as to the measure of damage was clear. Within such instruction the exclusion of "speculative profits" was implicit.

Appeal denied.

WEATHERBEE, J., did not sit.