**F. X. BILODEAU REALTY, INC.**

v.

**LEWISTON URBAN RENEWAL AUTHORITY.**

Supreme Judicial Court of Maine.

Jan. 22, 1968.

Frederick G. Taintor, and Charles H. Abbott, Lewiston, for plaintiff.

John G. Marshall, Lewiston, for defendant.

Before WILLIAMSON, C. J., WEBBER, TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

MARDEN, Justice,

On appeal. This case involves the determination of fair market value of two apartment house properties taken by the defendant through condemnation proceedings.

The plaintiff, a corporation, offered in proof of value the testimony of one D. E. Bilodeau, who was a share holder, a director, and the Clerk of the plaintiff company, and who, from 1953, has been the

manager for the company of its apartment houses including the properties in question. His managerial duties involved 114 apartments, 12 of which were housed in the condemned property. The plaintiff Realty Company was a family enterprise consisting of Mr. Bilodeau, his father and three sisters. He was also for the same period a licensed real estate broker and, as such, had, in a limited way, represented buyers and sellers of rental real estate.

Mr. Bilodeau was permitted over defendant's objection to express his opinion as to the fair market value of the properties taken, which value he placed as $44,327.50.

The defendant offered a witness, whose qualifications were not challenged, who gave an opinion that the fair market value of the reference properties was $30,000.00.

The jury assessed the value at $38,246.00.

The defendant grounds his appeal upon three points:

"1. That there was error on the part of the presiding Justice to permit a layman, D. E. Bilodeau, to give an opinion of the value without having properly qualified.

"2. The verdict was against the weight of the evidence.

"3. The damages were excessive."

Mr. Bilodeau did not offer his evidence as an owner of the properties involved. See Simmons v. State of Maine, Me., 234 A.2d 330. Plaintiff offered him as an expert witness, as the term is applied to those who qualify for the purpose of expressing an opinion,—here as to the value of the properties in question. The trial Court found him to be qualified and admitted his opinion testimony.

■ A determination of a witness' qualification as an "expert" is a preliminary question for the presiding Justice, and the decision of the presiding Justice "is conclusive unless it clearly appears that the evidence was not justified or that it was based upon some error of law." State v. Wardwell, 158 Me. 307, 318, 183 A.2d 896, 903; and Poulin v. Bilodeau et al., 161 Me. 306, 311, 211 A.2d 547.

■ As between the presumed competence of an owner to express an opinion as to the value of his property, in those jurisdictions following that rule, Maine being within such majority, and a third party witness whose competence must be established and ruled upon preliminarily by the trial court, are a variety of situations where the proffered witness is neither an owner nor a disinterested third party to the controversy, of which the situation at hand is typical.

These are cases where the proffered witness is an officer of the title-holding corporation. The cases in the footnote are representative,[1] and basically hold to the view that a corporate officer may be a competent witness as to the value of corporate property, not because of his relationship with the corporation, but that the relationship is but a factor which, together with other qualifications, may render his evidence trustworthy on the issue to which it is related. See Knox Lime Company v. Maine State Highway Commission, Me., 230 A.2d 814, [13] 828.

1. Appeal of Dubuque-Wisconsin Bridge Co., 237 Iowa 1314, 25 N.W.2d 327, [7] 330 (1946); Arkansas State Highway Commission v. Muswick Cigar & Beverage Company, Inc., 231 Ark. 265, 329 S.W. 2d 173, 174, [6] 176 (1959); Agoos Leather Companies, Inc. v. American and Foreign Insurance Company et al., 342 Mass. 603, 174 N.E.2d 652, [1] 654 (1961); Iowa Development Company v. Iowa State Highway Commission, 255 Iowa 292, 122 N.W.2d 323, [7] 326 (1963); Smith et al. v. Potomac Electric Power Co., 236 Md. 51, 202 A.2d 604, [9] 609 (1964); First Baptist Church of Maxwell v. State of Nebraska, 78 Neb. 831, 135 N.W.2d 756, [2-4] 758 (1965).

See also Annot. 5 A.L.R. 1171, 45 A.L.R. 1494 to which the above cases are supplemental.

Earlier in the opinion the term "expert" was used as "applied to" witnesses in Court, which suggests, rightfully, that the adjective "expert" as applied to a witness may be broader than its use as a noun, which latter describes "a person who is very skillful, or highly trained, or informed in some special field." Webster's New World Dictionary, College Edition (1959). This definition is somewhat liberalized by Webster's Third New International Dictionary (1961) and defines an "expert" as "one having skill or knowledge not possessed by mankind in general." It is this broad definition which tests the qualification of a witness.

"There is, however, a class of persons, known in legal proceedings as *experts,* who are not only permitted to testify to facts within their own knowledge, but who may also give opinions based upon these facts, or facts otherwise proved, * * *. The foundation on which expert testimony rests, is the supposed superior knowledge or experience of the expert in relation to the subject matter upon which he is permitted to give an opinion as evidence." Clark v. Rockland Water Power Company, 52 Me. 68, 77.

"When the nature of the question at issue is such that men of ordinary experience and intelligence may be supposed to be incapable of drawing conclusions from the evidence without the assistance of some one, who has special skill or knowledge in the premises, witnesses possessing such skill and knowledge are permitted to give their opinions." Mills v. Richardson, 126 Me. 244, 247, 137 A. 689, 690.

Such skill and knowledge may be based upon experience. See Conley v. Portland Gas Light Co., 99 Me. 57, 60, 58 A. 61.

The extent to which the opinion is to be accepted,—the weight to be given the opinion, is for the jury. Sanborn v. Elmore Milling Co., Inc., 152 Me. 355, 359, 129 A.2d 556.

So tested, the presiding Justice determined that Mr. Bilodeau possessed experience from dealing with multiple family housing in the capacities in which he had served, which rendered him competent to express an opinion as to value. This determination was not clearly erroneous and is conclusive.

Inasmuch as the parties based their respective positions of value upon the testimony of one witness each, and the weight to be given their testimony was for the jury, it follows that the verdict was supported by the evidence, and the verdict of the jury having expressed a value between the "high" of the plaintiff and the "low" of the defendant, it cannot be termed excessive.

Appeal denied.