**STATE of Maine**

**v.**

**Richard DORAY, Sr.**

Supreme Judicial Court of Maine.

June 30, 1976.

Joseph M. Jabar, Dist. Atty., J. William Batten, Asst. Dist. Atty., Augusta, for plaintiff.

Lipman, Parks & Livingston, P.A. by David M. Lipman, Augusta, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE,* POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

The defendant was indicted, tried before a jury on August 12, 1975, and found guilty of feloniously receiving and aiding in concealing a previously stolen stamp

---

* Weatherbee, J. sat at argument and participated in consultation but died prior to preparation of opinion.

collection in violation of 17 M.R.S.A. § 3551(2),[1] and has appealed.

We deny the appeal.

The indictment alleged that the stolen "U. S. Postal stamp collection" had a value of $891.75. The only evidence of value was derived from the owner who testified over objection:

"Well, the stamp collection, as near as I could make out from going to stamp magazines and finding out what stamps were worth, was eight hundred and seventy odd dollars."

The owner, a stamp collector for nearly thirty-five years, based his valuation on trade publications circulated to those who are interested in buying and selling stamps, from which he was able to compute the replacement cost of the stolen stamps.

Appellant's position is that not only was the owner's opinion of value premised on hearsay, it was also the "entire basis for the jury's findings of value" and, therefore, "the appellant's conviction should be reversed and the case remanded for a new trial."

■ It is the general rule in Maine that the owner of personal property is competent to express an opinion relating to the value thereof, reserving, however, to the jury the right to assign such weight to the testimony as it deems appropriate. The admissibility of such evidence arises fundamentally by reason of the ownership of such property. *Simmons v. State*, 234 A.2d 330 (Me.1967); *Nelson v. Leo's*

*Auto Sales*, 158 Me. 368, 185 A.2d 121 (1962). Although both *Simmons* and *Nelson* were civil cases,

"[i]t is universally held that where the value of the stolen property is in issue . . . the rules which establish value in civil cases . . . are applicable."

*State v. Day*, 293 A.2d 331, 334 (Me. 1972). The rule which we recognize is generally accepted, even though the owner's opinion of value might be gleaned from such sources as trade journals.[2] Indeed, as some courts have noted, it would seldom happen that an owner's opinion of value could not be traced to sources normally considered hearsay. Permeating such an opinion, however, is an owner's intimate knowledge of the characteristics and peculiarities of his property. *State v. Anderson*, 20 Ariz.App. 309, 512 P.2d 613 (1973); *Cordell Ford Company v. Mullis*, 121 Ga.App. 123, 173 S.E.2d 120 (1970); *Ford Motor Company v. Taylor*, 60 Tenn. App. 271, 446 S.W.2d 521 (1969); *see also* Annot., 37 A.L.R.2d §§ 15, 16, at 991–94.

■ Not only was the evidence objected to admissible because it came from the lips of the owner of the stamp collection, it was also admissible since the owner could qualify as an "expert" as that term has been defined in Maine. *F. X. Bilodeau Realty, Inc. v. Lewiston Urban Renew. A.*, 237 A.2d 398 (Me.1968). The owner of this collection, having collected stamps for nearly thirty-five years, certainly could be said to have acquired an experience with and superior knowledge of

1. "Whoever buys, receives or aids in concealing stolen property, knowing it to be stolen, shall be punished:
   *1. Value does not exceed $500.* If the value thereof does not exceed $500, by a fine of not more than $500 or by imprisonment for not more than 6 months;
   *2. Value exceeds $500.* If the value thereof exceeds $500, by a fine of not more than $1,000 or by imprisonment for not more than 5 years." 17 M.R.S.A. § 3551(1)(2).

2. See Rule 803(17), Maine Rules of Evidence, which became effective February 2, 1976, providing:
   "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   *(17) Market reports, commercial publications.* Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations."

stamp value, which would transcend the knowledge and experience of those unfamiliar with this avocation. An expert, of course, may seek sources of information from published documents of recognized validity which, combined with his own experience, allows him to express an opinion of value. Such was the case here. *See People v. Dell,* 77 Ill.App.2d 318, 222 N.E. 2d 357 (1966); *State v. Kelly,* 365 S.W.2d 602 (Mo.1963).

We conclude that the Justice below correctly allowed the owner to testify to the value of the stolen stamp collection.

The entry is:

Appeal denied.


DELAHANTY, J., did not sit.

All Justices concurring.