STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-14-0216

MICHAEL SANTINI,

Plaintiff,

v.

MATTHEW W. HOWELL, ESQ. and
CLARK & HOWELL, LLC,

Defendants

**ORDER DENYING MOTION
FOR SUMMARY JUDGMENT
AND MOTION TO EXCLUDE
TESTIMONY**

Presently before the court are two motions filed by defendants: a motion for summary judgment and a motion to exclude testimony. For the reasons set out below, the motions are denied.

**Facts**

Attorney Matthew Howell, and his law firm Clark & Howell, LLC, represented Michael Santini in his divorce from Annielu DeWitt in 2011. Santini and DeWitt, who was also represented by counsel, reached a full settlement on all issues involved in the divorce. (Def.'s S.M.F. ¶¶ 1, 3.)

One of the assets subject to division in the divorce was real estate located at 5 Udell Park in York consisting of a home and land. This property was acquired during the marriage. (Def.'s S.M.F. ¶ 2.) The facts in the summary judgment record establish[1]—and there appears to be no genuine dispute[2]—that DeWitt was the sole title

---

[1] Plaintiff initially failed to attach an opposing statement of material facts to the opposition to summary judgment. By agreement, plaintiff thereafter filed an opposing statement of material facts, but none of the denials or qualifications of the statements of fact cite evidence in the record. (Pl.'s Opp. S.M.F. ¶¶ 2, 7, 12, 15.) In their statement of material facts, defendants assert that DeWitt was the sole owner of 5 Udell Park. (Def.'s S.M.F. ¶ 2.) Plaintiff's opposing

1

owner of record of this real estate. (Def.'s S.M.F. ¶¶ 1-3.) Santini, who was a contractor, did work on the property, and also hired a builder to construct the marital home there. (Santini Aff. ¶¶ 13-14). Santini and DeWitt lived in the home with their daugher during the marriage. *Id.* at ¶ 17. It was secured by a mortgage "serviced with marital funds." (Id. ¶¶ 17-18.)

The divorce settlement included a stipulation that DeWitt would sell the property, that the asking price would not be lower than $1,250,000 and that the net proceeds from sale be divided in accordance with the agreement. (Def.'s S.M.F. ¶ 3.) With respect to price, the language in the agreed-upon divorce judgment specifically provided that the 5 Udell Park property "shall remain on the market until sold, and the asking price shall be automatically reduced every twelve weeks by the broker unless the parties agree otherwise, except that it shall not be lowered beneath $1,250,000 except by mutual agreement of the parties." (Compl. ¶ 12.) Santini believed that this provision prevented 5 Udell Park from being sold for less than $1,250,000.

Although DeWitt did not actually list the property for less than $1,250,000, following the divorce she received (and accepted) an offer of $925,000. (Def.'s S.M.F. ¶

statement responds, "Deny. Maine law, as detailed in the Memo in Opposition, does not support this statement. Mrs. Santini was not the sole owner of the home since it was acquired during the marriage and was presumptively, marital property." (Pl.'s Opp. S.M.F. ¶ 2.) The preceding statement of fact does not include a record citation. Under the rules, plaintiff's failure to properly controvert defendants' statements of fact with record citations would require the court to deem defendants' properly supported facts admitted. *See* M.R. Civ. P. 56(h)(4) ("Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). In considering defendants' motions, the court accepts DeWitt was the sole owner of 5 Udell Park. However, for the reasons set forth in this order, this fact alone does not compel the court to grant the motions.

[2] The Affidavit of Michael Santini accompanying Plaintiff's Memorandum in Opposition to Summary Judgment (Lay Expert Testimony Exclusion) states: "I chose not to be on the deed for any of the three marital homes, in order to protect my assets from any claims made against my separate business," and "[o]nly Mrs. Santini was on the deeds for those three homes." (Santini Aff. ¶¶ 15, 16.)

2

4.) Howell attempted to prevent the sale at that price by filing a motion to enforce the divorce judgment in the District Court. (Def.'s S.M.F. ¶ 5) The court denied the motion, concluding that the terms of the divorce judgment restricted the listing price but did not restrict DeWitt from accepting a lower offer. *Id.*

In November 2014 Santini filed the instant complaint alleging professional negligence (Count I) and breach of fiduciary duty (Count II). He claims that defendants breached the standard of care and his fiduciary duty by failing to ensure the divorce judgment prevented DeWitt from selling for less than $1.25 million without his (Santini's) consent.

## Discussion

The principal issue presented by both motions is whether Santini can offer lay opinion testimony about the value of the 5 Udell Park property in order to establish causation between the alleged malpractice and his claimed damages. Both parties have designated an expert to testify as to the professional standard of care. Defendants have designated an expert to testify as to the value of the property, but plaintiff has not. Defendants contend that without a qualified expert to support the contention the property was worth at least $1.25 million at the time of the sale, plaintiff's claims fail and thus they are entitled to summary judgment.

Rule 701 of the Maine Rules of Evidence provides: "If a witness is not testifying as an expert, opinion testimony is limited to opinions that are: (a) Rationally based on the witness's perception; and (b) Helpful to clearly understanding the witness's testimony or to determining a fact in issue."

Maine law permits property owners to offer lay opinion testimony as to the fair market value of his or her property. *Garland v. Roy*, 2009 ME 86, ¶ 21, 976 A.2d 940 (citations omitted); *see also Walters v. Petrolane-Ne. Gas Serv., Inc.*, 425 A.2d 968, 974 (Me.

1981) ("Property owners, by reason of their ownership alone, may state their opinion as to the fair market value of their property."). Such testimony has been held adequate to support a damages award. *Garland,* 2009 ME 86, ¶ 21, 976 A.2d 940 (citing *Ferrell v. Cox,* 617 A.2d 1003, 1007 (Me. 1992)).

The rationale for allowing a property owner to provide such testimony is that an owner is presumed to be sufficiently familiar with the property's attributes so as to be competent to offer a reliable opinion as to its value. *See Garland,* 2009 ME 86, ¶ 21, 976 A.2d 940. In other words, an "owner may not possess all the qualifications that would be required of others who testify as to value" but "through personal knowledge of his property, with a reasonable opportunity to observe its area, the uses to which it may be put, the extent and condition of any improvements thereon, possesses sufficient knowledge from which to form an opinion as to the value." *Simmons v. State,* 234 A.2d 330, 332 (Me. 1967). Thus, the Court concluded that an objection to the witness's competence properly goes to weight, not admissibility. *Id.*

While the fact of record ownership, *per se,* may provide a bright-line rule to guide courts on the issue of admissibility, the presumption undergirding the rule may, or may not, reflect a particular lay witness's actual competence to testify as to the question of a property's value. Nor, does the converse necessarily follow; it is a witness's personal knowledge of the property, not the mere fact of record ownership, that qualifies the witness to give testimony as to value that is rationally based on perception. M.R. Evid. 701(a).

The court thus concludes that although Santini did not hold record title ownership of 5 Udell Park, the instant record suggests that he may possess the knowledge, experience, and familiarity with the property in question to establish a sufficient foundation to offer opinion testimony as its fair market value. (Santini Aff. ¶¶

4

13-17.).  *See, e.g., Garland*, 2009 ME 86, ¶ 21, 976 A.2d 940; *State v. Edwards*, 681 A.2d 24, 27 (Me. 1996) (county superindependent responsible for purchase and replacement of supplies competent to opine as to property value); *State v. Doray*, 359 A.2d 613, 614 (Me. 1976) (noting "intimate knowledge of the characteristics and peculiarities of his property" is basis for allowing owner's opinion testimony); *F. X. Bilodeau Realty, Inc. v. Lewiston Urban Renewal Auth.*, 237 A.2d 398, 400 (Me. 1968) (opinion evidence as to value is based on experience; whether opinion accepted by fact-finder goes to weight not admissibility); *Simmons*, 234 A.2d 332.[3]

Therefore, the motion for summary judgment is denied.

The motion to exclude evidence is also denied, but without prejudice and subject to being reasserted at trial if Plaintiff is not able to lay an adequate foundation establishing sufficient knowledge, experience and familiarity with regard to the property in question.  If such a foundation is laid, he may be permitted to offer a lay opinion of value, not an expert opinion.  What weight his testimony deserves will be a question for the fact-finder.

The clerk may incorporate this order upon the docket by reference pursuant to Rule 79(a) of the Maine Rules of Civil Procedure.

**SO ORDERED**

Dated:   February 16, 2016

Wayne R. Douglas
Justice, Superior Court

---

[3]  In one case, actual proof of record ownership may not have been strictly required.  *See Walters*, 425 A.2d at 974 n.4 (Me. 1981) (Wife allowed to testify along with husband as to value; opinion does not indicate whether she was on the deed to the property in question, though no objection was raised as she may have been a "co-owner.")

5